Wheeler & Silber *v.* Bogue Phalia Drainage District.

[64 South. 375.]

1. Drains. *Drainage district. Establishment. Review. Code* 1906, *sections* 1689 *and* 1696. *Laws* 1910, *chapter* 189. *Laws* 1912, *chapter* 196, *section* 14. *Assessments. Mode of assessments. Statutory provisions. Proceedings to assess. Assessments. Compensation. Questions of fact.*
    Under Code of 1906, section 1689 providing that upon the hearing of a petition for the organization of a drainage district, the only question to be passed on by the court shall be whether the petition is signed by the number of signers required by that chapter, etc., and that, if the court or chancellor shall find in favor of the petitioners upon all of these points, he shall enter an order to that effect and refer the petition to the drainage commissioners for proceedings thereon, and under section 1696 as amended by Laws 1910, chapter 189 providing that if, after hearing all objections to the report of the commissioners, the court or chancellor finds that a drainage district should be organized, an order to that effect may be entered substantially according to a form therein set out; and under Laws 1912, chapter 196, section 14 providing that any person feeling aggrieved by

the decree organizing a drainage district, or any decree in con-
nection therewith from which an appeal lies, shall appeal within
ten days from the date of such decree. Where no appeal was
taken from either of the decrees entered under section 1689
and section 1696 as amended, the decree adjudicating that the
petition contained the requisite number of signatures, was final
and conclusive, and that question could not be reviewed on an
appeal from the decree confirming the assessment.

2. DRAINS. *Assessments. Mode of assessments. Inspection.*
   Under Laws 1912, chapter 196, section 2 providing that the drain-
   age commissioners shall go upon the lands of a drainage dis-
   trict, examine it, and assess the benefits to be derived by each
   separate tract, it is not required that the commissioners shall
   go upon each acre or each tract or even upon the separate land
   of each owner, but they are only required to make such an
   investigation as will enable them to form an intelligent judg-
   ment as to the benefits or damages which each tract will receive.
   The owners are not concerned with the method by which the
   commissioners make their assessment, but only with the cor-
   rectness thereof, since under Laws 1910, chapter 190 and sec-
   tions 4 and 5 of chapter 196, Laws 1912, when objection is
   made, the amount of the assessment is then determined, not by
   the report, though the commissioners may have literally fol-
   lowed the statute in making it, but upon the evidence then in-
   troduced before the court or chancellor in support of and in
   opposition to it.

3. DRAINAGE DISTRICTS. *Establishment. Review. Code* 1906, *section* 1689.
   At the hearing on a petition for the establishment of a drainage
   district, one of the first questions to be adjudicated, as pro-
   vided in section 1689, Code 1906, is "whether the lands of said
   proposed drainage district required a combined system of drain-
   age," and a decree adjudicating that the proposed district does
   require a combined system of drainage is final and cannot be
   reviewed on an appeal from a decree approving an assessment.

4. SAME.
   When a necessity for a combined system of drainage has been
   established, the cost to be apportioned, under section 1698, to
   "the several tracts of land" is "the cost of said proposed work;"
   that is of the work necessary to be done in order to put into
   effect the combined system of drainage. There is nothing in
   the section to indicate that in apportioning the cost of the work
   the commissioners should ascertain what ditches are necessary

to drain each tract and to assess each with only its proportionate amount thereof.

5. SAME.

The commissioners in making their assessment are not required to set off against the benefit which would accrue to a tract of land, the damages which would result thereto from the taking of a portion thereof for right of way purposes. All such damages must be agreed upon by the commissioners and the landowners, if they can do so, and if not, must then be ascertained by a court of eminent domain and when agreed upon or ascertained, the landowners are entitled to payment thereof in cash.

6. SAME.

The commissioners are not required to acquire the rights of way for the construction of the canals and ditches before the assessment is made. These rights of way, unless donated by the landholders, can only be obtained by payment thereof, and the commissioners will have no funds for such purpose until the making of an assessment and the collection of at least a portion thereof.

7. DRAINS. *Assessment. Extent of review.*

Where the point was not raised in the court below a landholder cannot object for the first time in the supreme court that the drainage commissioners in assessing the benefits from a proposed drainage system, arbitrarily exempted some of the parties.

8. DRAINS. *Drainage districts. Proceedings to establish. Review.*

Where under Laws 1910, chapter 189 providing that if after hearing objections to the report of drainage commissioners, the court finds that a drainage district should be organized, an order may be entered substantially in the form therein set out, a decree was entered confirming the report of the commissioners and fixing the probable cost of the proposed work and such decree was not appealed from within ten days, such decree was final and conclusive.

9. REVIEW. *Questions of fact.*

Where the evidence is conflicting, the supreme court will not disturb the findings of the lower court on a question of fact.

APPEAL from the chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

Drainage proceedings by the Bogue Phalia Drainage District. From a decree confirming an assessment by the drainage commission, Wheeler and Silby appeal.

The facts are fully stated in the opinion of the court.

*Watson & Jayne, Dabney & Dabney* and *Sillers, Owen & Sillers,* attorneys for appellant.

*Percy & Percy,* attorneys for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree confirming an assessment made by the drainage commissioners of Washington county, acting for the Bogue Phalia Drainage District. Appellants' assignments of error will be set forth and decided *seriatim.*

First. "The assessment was void because there was no petition for the organization of a drainage district signed by the required number of landowners owning. the required number of acres of land, and the court had no jurisdiction to make any orders in connection with the organization of the drainage district or approving assessment rolls because it never acquired jurisdiction." This assignment raises a question of fact which the court below was required, under section 1689 of the Code, to decide in order to determine its jurisdiction, and under this section of the Code the decree adjudicating that a petition contains the requisite number of signatures is final. It is unnecessary for us to decide whether an appeal will lie from a decree entered under section 1689, or whether the questions there adjudicated can be raised on appeal from the decree to be entered under section 1696, as amended by chapter 189 of the Laws of 1910, for in either event an appeal, under section 14, ch. 196, of the Laws of 1912, must be taken within ten days, and upon failure so to do the decree becomes final and conclusive. The question here presented, therefore, is not open for

review upon an appeal taken from a decree confirming the assessment.

Second. ''The assessment is void because the commissioners did not go upon the land and view the same, as the law requires, in order to make the assessment.'' This assignment is predicated upon the following provision of section 2, ch. 196, Laws of 1912: ''The drainage commissioners shall go upon the lands of said district and examine the same and assess the benefits to be derived by each separate tract of land,'' etc. The commissioners did not go upon each acre of the land in this district, nor upon each tract, nor upon the separate land of each owner thereof, nor did the statute require them to do so. All that the statute does require is that the commissioners go upon the lands of the district ''and make such an investigation as will enable them to form an intelligent judgment as to the benefits or damages which each tract will receive from the completed work.'' 14 Cyc. 1038. The wisdom of the legislature in not requiring the commissioners to view each acre of the land, or even each separate tract thereof, is made apparent when we have, as here, a district, twenty-three miles in length, from ten to fifteen miles in width, and containing approximately one hundred and fifty-three thousand acres of land, divided among a multitude of separate owners. These commissioners did go upon the lands of the district and seem to have made rather an extensive examination thereof. This was all there was any necessity for them to do, for they had before them the reports, maps, and plats, made by the engineers who had surveyed the district, showing the different watersheds and levels of the land. Moreover, appellants are not concerned with the method by which these commissioners made their assessment, but only with the correctness thereof. If no objection is made to an assessment no question as to the method by which it was made arises, and when an objection is made, the amount of the as-

sessment is then determined, not by the report, though the commissioners may have literally followed the statute in making it, but upon the evidence then introduced before the court or chancellor in support of and in opposition to it. Laws of 1910, chapter 190, and sections 4 and 5 of chapter 196, Laws of 1912.

Third. "The commissioners did not assess the land according to the benefits and cost of construction of improvements that benefited the particular tracts of land.'" The argument under this assignment is that appellants have been assessed with a proportionate amount of the costs of certain lateral drains which traverse lands other than that owned by them, and have no effect upon any land owned by them. We have made no examination into the question of fact here raised for the reason that it is not presented for decision by this appeal. One of the first questions to be adjudicated in a case of this character is "whether the lands of said proposed drainage district . . . require a combined system of drainage" (section 1689, Code of 1906); and a decree adjudicating that the proposed district does require a combined system of drainage is final and cannot be reviewed on an appeal from a decree approving an assessment. What was said in response to appellants' first assignment of error is in point here and may be considered in connection herewith. When a necessity for a combined system of drainage has been established, the cost to be apportioned, under section 1698, to "the several tracts of land" is "the cost of said proposed work;" that is, of the work necessary to be done in order to put into effect the combined system of drainage. There is nothing in the section to indicate that in apportioning the cost of the work the commissioners shall ascertain what ditches are necessary to drain each tract and to assess each with only its proportionate amount thereof. To do this would seem in most cases to be practically impossible, and in the case at bar one of the considerations entering into

the construction of all of the ditches and canals seems to have been the necessity of preventing Bogue Phalia, the principal artery of the system, from overflowing.

Fourth. "The commissioners in making their assessment roll did not make any allowance of damages as required by law." As we understand this assignment complaint is made because the commissioners did not set off against the benefit which would accrue to a tract of land, the damages of which would result thereto from the taking of a portion thereof for right of way purposes. The statute does not permit the assessment of damages of this character by the commissioners. All such damages must be agreed upon by the commissioners and the landowners, if they can do so, and, if not, must then be ascertained by a court of eminent domain (section 3, chapter 196, Laws of 1912), and, when agreed upon or ascertained, the landowners are entitled to payment therefor in cash.

Fifth. "The commissioners did not procure the rights of way before making their assessments, as required by law." The statute does not contemplate that the commissioners shall acquire the rights of way for the construction of the canals and ditches before the assessment is made. These rights of way, unless donated by the landholders, can only be obtained by payment therefor, and the commissioners will have no funds for such purpose until the making of an assessment and the collection of at least a portion thereof.

Sixth. "The commissioners did not assess all parties benefited but exempted some arbitrarily, to wit, the railroad company." This objection seems not to have been raised in the court below and cannot be made here for the first time, and, in addition, counsel for appellants have failed to point out wherein their clients have been prejudiced by the manner of the railroad company's assessment.

Seventh. "The commissioners assessed more than the cost of the construction of the canals as estimated by the

106 Miss. 40

engineers and by the commissioners." The probable cost of the proposed work, which is the amount to be raised by this assessment, was fixed by the decree confirming the report of the commissioners rendered in accordance with chapter 189, Laws of 1910, and this decree, not having been appealed from within ten days after its rendition, is final and conclusive.

Eighth. "Because the commissioners assessed appellants' lands too high in this: That it was assessed at the maximum regardless of the cost of the improvements that drained the land." This assignment has been disposed of by what is said in response to the third assignment of error.

Ninth. "Appellant's land is assessed too much because the proof shows that appellant's land will be damaged by the construction of the proposed drainage, rather than benefited." The question here raised is one of fact which was decided by the court below on conflicting evidence, and its decision thereof is therefore not open to review.

*Affirmed.*