HOUSTON BROS. *v.* BOGUE PHALIA DRAINAGE DISTRICT.

[64 South. 378.]

1. DRAINS. *Assessment. Review. Appeal and error. Records. Amendment.*

> On an appeal from a decree confirming an assessment by a drainage commission, the supreme court will only consider the decree rendered and will not take into consideration an opinion rendered by the chancellor at or subsequent to the rendition of the decree.

2. APPEAL AND ERROR. *Records. Amendment.*

> Where the chancellor trying the case was requested, after the record had been filed in the supreme court, to amend the bill of exception by incorporating certain testimony therein, which request he refused, such refusal could only be considered by the supreme court if at all by an appeal from an order of the chancellor refusing to permit the amendment.

APPEAL from the chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

From a decree confirming an assessment by the drainage commissions, Houston Brothers appeal.

The facts are fully stated in the opinion of the court.

*Watson & Jayne, Dabney & Dabney,* and *Sellers, Owen & Sellers,* attorneys for appellant.

*Percy & Percy,* attorneys for appellee.

Smith, C. J., delivered the opinion of the court.

All of appellants' assignments of error, except paragraph "f" of the first assignment, and assignments 3 and 4, are controlled by what was this day said in *Wheeler & Silber* v. *Bogue Phalia Drainage District,* 64 So. 375, and assignment No. 4 is disposed of by what was said in the case of *Aldridge* v. *Bogue Phalia Drainage District,* 64 So. 377.

Paragraph "f" of the first assignment of error is as follows: "Lands of these appellants are taxed which the chancellor by decree states will receive no benefit from the proposed drainage scheme." The decree here referred to, and which in the brief is referred to as the "supplemental decree of the chancellor," is not in fact a decree but an opinion rendered by the chancellor, either at or subsequent to the rendition of his decree. We have no concern here with this opinion and can take into consideration only the decree rendered by the chancellor.

The third assignment is: "The court erred in overruling the motion of these appellants to amend their bill of exceptions for the purpose of curing omissions, defects, and inaccuracies." As we understand this assignment of error, the chancellor was requested, after the record had been filed in this cause, to amend the bill of exceptions by incorporating certain testimony therein, which request he refused. This question is not here presented to us for consideration and could only be presented, if at all, by an appeal from an order of the chancellor refusing to permit the amendment.

*Affirmed.*