HARDEE v. BROOKS *et al.*

[66 South. 216.]

1. DRAINS. *Organization of district. Jurisdiction. Injunction. Remedy
   by appeal. Proceedings. Objections.*

   Where a petition is filed with the chancery clerk of a county
   under chapter 197, of the act of 1912, entitled, "An act to create
   additional methods of organizing and maintaining drainage dis-
   tricts and providing for the validity of any drainage district
   heretofore organized under chapter 39, of the Code 1906, that may
   come under the provision of this act," this does not confer any
   jurisdiction to create a district under sections 1682-1727, since a
   landowner examining the petition in which the statute under
   which the district is to be created is designated, is entitled to
   rely upon its being created in accordance therewith, and might
   seriously object if it were created under some other statute
   having different provisions.

2. INJUNCTION. *Remedy by appeal. Proceedings. Objections.*

   The fact that the owner did not appear and object at the hearing
   of a petition for the creation of a drainage district, nor appeal to
   the supreme court from an order establishing such district,
   does not preclude him, on the filing of a bill to enjoin the
   issuance and sale of bonds of the established district, from
   questioning the courts jurisdiction to establish the district, where
   such questions was one of law to be determined by an inspection
   of the record, although if the objection raised only a question
   of fact, the chancellor's decision at the hearing could only be
   reviewed by appeal.

APPEAL from the chancery court of Bolivar county.

HON. M. E. DENTON, Chancellor.

Bill for injunction by W. G. Hardee against J. C. Brooks and others. Injunction denied, and bill dismissed and complainant appeals.

The facts are fully stated in the opinion of the court.

*Charles Clark,* for appellant.

The organization of drainage districts is a statutory proceeding and in pursuing the remedy laid down by the statute, the chancery court acts as a court of special limited jurisdiction and in all of its proceedings in the organization of drainage districts, it is bound by the statute which must be strictly construed. The petition in this case was for the organization of a drainage district under an entirely different law from that of chapter 39 of the Code and the chancery court had no jurisdiction to proceed under said petition. And by assuming jurisdiction, its acts were not validated. Under the chapter mentioned in the petition for the organization of a drainage district, the chancery court had nothing to do with its organization, but the same is organized through the county board of drainage commissioners and the fact that the clerk gave notice as provided by chapter 39 and the fact that the court assumed jurisdiction and proceeded, did not prevent all of its acts from being void. The fact that Mr. Owen, attorney for the petitioners, requested the clerk to proceed under chapter 39 of the Code, did not give the chancery court authority to proceed.

When the notice was published for the hearing of said petition the fact that the chancellor could not be there, did not authorize the publication of the second notice fixing a different date. The law provides that the meeting shall be adjourned to a subsequent date, but makes no provision for republication, and the second publication and the hearing on it, was without authority of

law and therefore null and void and the judgment of the court entered thereon was necessarily void.

In giving notice for the date of the hearing on the assessment roll, the date was fixed for the 19th day of September, and while it is shown that it was found that the chancellor could not be present and a new date was fixed, it did not give any validity to the second notice because it was made without any authority of law and all the proceedings and judgment of the court approving the assessment roll were made without any authority of law and were null and void. The proof as to this second notice would give the court no authority to act because it is shown by the affidavit of the editor of the paper that it is impossible for him to furnish a copy of the notice as published because of the loss of his paper from his files, and in order to give the legal notice and the proof of it, it is necessary to have a copy of the notice attached to the proof of publication. For the above reasons I submit that the whole proceedings were void and that the injunction should have been granted.

*Thos. S. Owen,* for appellee.

The question involved in this suit, or rather the objections, are fully answered by the decision of this court in *Wheeler & Silber* v. *Bogue Phalia Drainage District,* 64 So. 375. The court, in that case, as to all of the objections which were more meritorious than the objections made here, held in effect that the failure to appeal within the time required by law, where a party had notice of the proceedings, precluded any objections to the proceedings as passed upon by the chancellor. In the Wheeler & Silber case it was urged that the court had no jurisdiction because no petition signed by the required number was ever presented and it was urged with authorities that the decision could not be *res adjudicata* as to this because the court had never acquired jurisdiction. There were numerous other objections raised in that case that do not

apply here to this record, and to all of the objections the court held that the failure to appeal within the time required, barred the right to object to any of the various steps in the proceedings. If you would concede for the sake of the argument that the notice published in September, 1913, giving date of the hearing on the 19th day of September, was the only legal notice published and that the hearing on the 26th day of September was without any notice at all, still the case must be affirmed for the reason that it was at most a defective notice and was cured by section 1711, Code of 1906, as held by this court in *Wilkinson* v. *Lee,* 51 So. 718, and as repeatedly held in regard to hearings on assessment rolls in this state, that where the party has notice of the proceedings it is his duty to follow said proceedings and if he had followed them in this instance, even without the notice of the hearing on the 26th day of September being published, he would have ascertained the facts and could have had his appeal to the supreme court as provided by the statute, but when he prefers to ignore the proceedings until the work is about to be begun in the district he is precluded because of his failure to appeal. In fact, it is the established law of this state in proceedings under chapter 39 of the Code, as declared in the Wheeler & Silber case above quoted, that the failure to appeal in the manner required by the provisions of chapter 39 and its amendments precludes a party from raising this question; in fact the decree if not appealed from within ten days, is *res adjudicata.*

SMITH, C. J., delivered the opinion of the court.

Appellant filed his bill in the court below praying that appellees, who are drainage commissioners of Bolivar county, be enjoined from issuing and selling bonds of the Deeson drainage district. The cause was submitted on bill, answer, and agreed statement of facts. The injunction was denied, and the bill dismissed.

In September, 1912, a petition was filed with the chancery clerk of Bolivar county, ''praying for the organization of a drainage district under chapter 197 of the Acts of 1912, entitled 'An act to create additional methods of organizing and maintaining drainage districts and providing for the validating of any drainage district heretofore organized under chapter 39 of the Mississippi Code of 1906 that may come under the provisions of this act.' '' The attorney, who had been employed by the landowners, who signed this petition to obtain the organization of the drainage district, decided to have it organized under the provision of chapter 39 of the Code (sections 1682-1727), and by his direction the notice required by this chapter of the Code for the hearing of the petition was given by the chancery clerk, and, on the day appointed for the hearing, the chancellor took up the matter for consideration, and in due course entered the necessary orders and decrees necessary for the creation of the district. Chapter 197 of the Acts of 1912 provides for the formation of a drainage district by three commissioners and not by the chancellor, and is materially different also in other respects from the Code chapter. The petition in each instance, however, must be filed with the chancery clerk, who fixes the time for the hearing and posts and publishes notices thereof.

One of the objections to the issuance of these bonds is that the orders creating the district are void for the reason that the chancellor was without any jurisdiction to enter them. This objection is well taken. All of our drainage statutes provide that districts shall be created upon the filing of petitions signed by the necessary number of landowners praying therefor. The filing of such petition is jurisdictional, and without it neither a chancellor, board of supervisors, nor commission, as the case may be, has any power whatever to create such a district. It may be that it is not necessary to designate in the petition the statute under which the district is to be

created, as to which we express no opinion; but, if the statute is so designated, then the jurisdiction conferred by the petition is only to create a district in accordance with the provisions of that particular statute.

A landowner examining the petition in which the statute under which the district is to be created is designated is entitled to rely upon its being created in accordance therewith. He is only called upon to appear at the hearing of the petition when he objects to the creation of the proposed district; and it might well be that he would have no objection to a district such as is provided for by the designated statute, and therefore would not appear at the hearing and object to its creation, but would very seriously object to such a district as is provided for by some other statute.

But it is said that appellant's only remedy was to have appeared at the hearing and object to the creation of a district and, in event that his objection was overruled, to then appeal to this court. It is true, as was held in *Wheeler & Silber* v. *Bogue Philia Drainage District,* 64 So. 375, that, if the objection here under consideration raised a question of fact, the chancellor's decision thereon at the hearing could be reviewed only on an appeal therefrom; but the question raised, instead of being one of fact, is one of law to be determined by an inspection of the record, from which it affimatively appears that the chancellor was without jurisdiction to proceed in the matter. The petition, by its recitals, did not even attempt to confer such a jurisdiction upon the chancellor, but conferred it solely upon the commissioners provided for in the statute designated.

The decree of the court below is reversed, and a decree will be entered here in accordance with the prayer of appellant's bill.

*Reversed.*