F. P. ALDRIDGE *et al. v.* BOGUE PHALIA DRAINAGE DISTRICT.

[64 South. 377.]

1. APPEAL AND ERROR. *Questions of fact. Review. Jury.*
   The decision of a lower court on a question of fact where there is conflicting evidence will not be disturbed by the supreme court on appeal.

2. JURY. *Right to trial by jury. Constitution* 1890, *section* 31.
   The right of trial by jury guaranteed by section 31 of our Constitution does not extend to questions in the trial of which a jury is not necessary by the ancient principles of common law.

APPEAL from the chancery court of Washington county.
HON. E. N. THOMAS, Chancellor.

From a decree confirming an assessment by the Bogue
Phalia Drainage Commissioners. Frank P. Aldridge and
others appeal.

The facts are fully stated in the opinion of the court.

*Watson & Jayne, Dabney & Dabney* and *Sillers, Owen
& Sillers,* attorneys for appellant.

*Percy & Percy,* attorneys for appellees.

SMITH, C. J., delivered the opinion of the court.

Appellant's first, second, and fourth assignments of
error are governed by what was said this day in the
opinion rendered in the case of *Wheeler & Silber* v. *Bogue
Phalia Drainage District,* 64 So. 375. The other assign-
ments will be set forth and decided *seriatim.*

Third. ''That the evidence shows only a small part of
appellant's lands, if any, are benefited or will be benefited
by the installation of the proposed drainage system, and
that therefore the remainder of said lands should not
have been assessed for any sum.'' The question here
raised is one of fact decided by the court below on con-
flicting evidence, and its decision, therefore, is not open to
review.

Fifth. ''The court erred in allowing the witness George
Metcalf to answer the following question propounded to
him by the attorney for the drainage district, without
first having been qualified as an expert and without hav-
ing been shown to be familiar with the lands in ques-
tion: 'What is your opinion as to that being a well or
properly drained piece of property under the conditions
existing there?' and without having been familiar with
the conditions existing there.'' Conceding that the ob-
jection to this question should have been sustained, there
is no probability that the decree of the chancellor would

have been otherwise than what it was had he sustained the objection and excluded the answer.

Sixth. "The court erred in overruling the objector's motion for a trial by jury." The right of trial by jury guaranteed by section 31 of our Constitution does not "extend to questions in the trial of which a jury is not necessary by the ancient principles of common law." *Lewis* v. *Garrett,* 5 How. 434; *Isom* v. *Railroad Co.,* 36 Miss. 308.

*Affirmed.*