WALTERS, et al. v. BLACKLEDGE, et al.

March 22, 1954

No. 38970 58 Adv. S. 55 71 So. 2d 433

*Collins, Collins & Brown,* Laurel, for appellants.

*Beard, Pack & Ratcliff,* Laurel, for appellees.

494

KYLE, J.

The sole question involved in this appeal is the constitutionality of Chapter 354, General Laws of the State of Mississippi 1948, as amended by Chapter 412, General Laws of the State of Mississippi 1950, known as the Mississippi Workmen's Compensation Law.

The appellants, Mrs. Gladys Walters and her two minor children, Charlotte Ann Walters and Ronnie Walters, filed their declaration in the Circuit Court of the Second Judicial District of Jones County against the appellees, Bennie L. Blackledge and Clinton C. Newcomb, doing business under the trade name of "City Electric Company" and also under the trade name of "Dykes Construction Company", to recover damages

for the negligent injury and wrongful death of Mitchell Walters, the deceased husband of Mrs. Gladys Walters and the father of the two minor children.

The plaintiffs alleged in their declaration that Mitchell Walters was killed in an automobile accident on U. S. Highway No. 11, in St. Tammany's Parish, Louisiana, on March 22, 1951, while he was en route from New Orleans, Louisiana, to Laurel, Mississippi, when the truck in which he was riding as a guest collided with an automobile proceeding in the same direction and ran over an embankment and into a gasoline service station near the highway; that the truck in which Walters was riding was owned by the defendants and was being used by them in their electric contracting and repair business; that said truck at the time of the accident was being driven by Bennie L. Blackledge at a dangerous and reckless rate of speed, and that the wreck occurred when Blackledge carelessly and negligently undertook to pass the automobile in front of him and while doing so carelessly and negligently collided with said automobile and lost control of the movements of the truck; that Walters was fatally injured when the wreck occurred and died about one hour later. The plaintiffs alleged that Walters' injuries and death were caused by the negligent and reckless driving of said truck by the said Bennie L. Blackledge; and the plaintiffs asked for damages, both actual and punitive, in the sum of $100,000.

The defendants in their answer denied the allegations of negligence contained in the plaintiffs' declaration. The defendants also incorporated in their answer four special defenses. In their first special defense, the defendants averred that the collision in which Walters was killed was due solely to the negligence of the driver of the automobile which Blackledge was attempting to pass. In their second special defense, the defendants averred that at the time of the accident complained of, the defendants, whose place of business was at Laurel,

Mississippi, were temporarily engaged in the performance of a contract in the State of Louisiana, and that while thus engaged the defendants and their employees were accustomed to drive each day from Laurel, Mississippi, to the place where they were working in Louisiana, and return to their homes at Laurel after the day's work had been finished; that Walters and the other employees were customarily paid for the time consumed in going to and returning from the job in Louisiana; that on the day that Walters was injured Blackledge and his employees had driven from Laurel to the place of work in Louisiana and had performed their day's work and were returning to Laurel in the truck driven by Blackledge; that Walters, at the time he was injured, was engaged in the performance of his duties as an employee of the defendant; that his injury was accidental and arose out of and in the course of his employment, and that the defendants and their insurance carrier were liable under the Mississippi Workmen's Compensation Law for the payment of death benefits to the plaintiffs, and that the plaintiffs were in fact receiving such death benefit payments at the time of the filing of the defendants' answer; and that the plaintiffs' exclusive remedy was that provided by the Workmen's Compensation Law.

In their third special defense, the defendants averred that the plaintiffs had accepted the benefits provided under the Mississippi Workmen's Compensation Law, and by doing so had elected their remedy and were estopped from asserting any claims other than those allowed under the provisions of said act.

As a fourth special defense, the defendants averred that, in the event it should appear that the Mississippi Workmen's Compensation Law was not applicable, the Louisiana Workmen's Compensation Law should be applied.

The plaintiffs demurred to the second special defense on the ground that the Mississippi Workmen's Compen-

sation Law was unconstitutional. The case was set down for hearing on the questions of law presented by the plaintiffs' demurrer. The learned special judge, after hearing the arguments, held that the Mississippi Workmen's Compensation Law was unconstitutional in that it violated Sections 1, 14, 24 and 31 of the State Constitution, and entered an order sustaining the demurrer. The defendants then asked for a hearing on their fourth special defense. The court, after hearing the testimony relative to the deceased's employment at the time of his death, held that the Louisiana Workmen's Compensation Law was applicable and that the plaintiffs were barred from any right of action herein; and the court entered a final judgment in favor of the defendants.

From that judgment, the plaintiffs prosecute this appeal.

The appellants assign two errors as grounds for reversal of the judgment of the lower court: (1) That the court erred in holding that the appellants were barred from recovery in the present action by the Workmen's Compensation Law of the State of Louisiana, and in holding that the appellants' exclusive remedy was afforded by said law; and (2) that the court erred in dismissing the appellants' suit.

The two points mentioned above are the only two points argued by the appellants in their original brief. The appellants did not argue in their original brief the question as to the constitutionality of the Mississippi Workmen's Compensation Law. The position taken by the appellees in their reply brief was that the Mississippi Workmen's Compensation Law is constitutional and that the appellants' rights and the appellees' liability are governed exclusively by that act; but the appellees say that, if they are mistaken in that position, the Louisiana Workmen's Compensation Law should be applied.

After the filing of the appellees' reply brief, the appellants filed a motion to strike that part of the appellees' brief containing the appellees' argument in

support of the constitutionality of the Mississippi Workmen's Compensation Act; and as grounds for their motion the appellants say that the only question before the Court on this appeal are those set out in the appellants' assignment of errors, that appellees have filed no cross appeal or cross assignment of errors, and that the appellees' argument in support of the Mississippi Workmen's Compensation Act relates to a matter which has not been properly presented to this Court for review.

■■ We think that the motion to strike should be overruled.

■■ "A cross assignment is not necessary with respect to jurisdictional or fundamental errors, which would not need to be assigned by an appellant (see supra Sec. 1239), and the lack of a cross assignment does not preclude the appellate court in its discretion from considering errors against appellee or defendant in error in order properly to dispose of the case." 4 C. J. S., Appeal and Error, Sec. 1300, p. 1822, and cases cited; See also Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So. 2d 351.

The appellants admit in their original brief that the deceased, Mitchell Walters, prior to and on the day of his death, was employed as an electrician by the appellees, doing business as the City Electric Company; that his employment was contracted for in Laurel, Mississippi, and covered generally the territory in and around Laurel and other parts of the State, and occasionally in the State of Louisiana; that while on a temporary job in Marrero, Louisiana, the deceased and other electricians traveled to Marrero each day and returned to Laurel after work; that while on one of these return trips the deceased was killed near Pearl River, Louisiana, while riding in a truck driven by the appellee, Blackledge, and occupied by two other electricians who were also killed; that the work in Louisiana was of a temporary nature; that the deceased resided in Laurel, Mississippi; that the City Electric Company was located

in Laurel and had no other office or place of business either in the State of Mississippi or in the State of Louisiana; that the contract of employment of the deceased was a Mississippi contract; and that it was the general practice of the City Electric Company employees to return to Laurel after each day's work. And the appellants admit that "Even though the City Electric Company had obtained security for the payment of compensation in the form of a policy of insurance written to cover employees while working in Mississippi and Louisiana, yet the contract under which the employees were working was a contract made in Mississippi and the Mississippi Workmen's Compensation Law, would, if constitutional, apply to injuries sustained on temporary missions without this State."

If the Mississippi Workmen's Compensation Act is constitutional, the remedy provided by that Act is exclusive. Section 5 of the Act provides as follows: "The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that, if an employer fails to secure payment of compensation as required by this Act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this Act, or to maintain an action at law for damages on account of such injury or death. * * *" Section 49 of the Act provides that, "(a) If an employee who has been hired or is regularly employed in this State receives personal injury by accident arising out of and in the course of his employment while temporarily employed outside of this State, he or his dependents in case of his death shall be entitled to compensation according to the law of this State. * * *"

The appellants have therefore presented to us on their direct appeal the question as to the constitutionality of the Mississippi Workmen's Compensation Act. And that question must be decided before we reach the questions argued by the appellants in their brief concerning the applicability of the Louisiana wrongful death statute or the Louisiana Workmen's Compensation Act.

In considering the constitutional questions involved in this appeal we have had the benefit of well prepared briefs filed by the attorneys representing the respective parties, in which all of the questions presented have been fully discussed. We have also had the benefit of the decisions of state and federal courts which have passed upon the constitutionality of similar statutes enacted elsewhere during the last forty years; and in this opinion we can add nothing new to what has already been said on the subject.

An examination of the cases shows that some of the early compensation acts were declared unconstitutional by the state courts. But in 1917 the Supreme Court of the United States upheld the constitutionality of the New York compulsory type law, which had been enacted after the adoption of a constitutional amendment, and also the Iowa elective type law, and the Washington exclusive state-fund-type law. The decisions rendered in those cases removed the doubts theretofore existing concerning the constitutionality of compensation acts; and the compensation system grew rapidly thereafter. Mississippi was the last of the 48 states to enact a compensation statute.

The provisions of the Act which are brought under review on this appeal may be summarized as follows:

Section 3 of the Act provides that the Act shall apply to "Every person, firm and private corporation, including any public service corporation, but excluding, however, all non-profit charitable, fraternal, cultural or religious corporations or associations, that has in service

eight or more workmen or operatives regularly in the same business, or in or about the same establishment, under any contract of hire, express, or implied." Domestic servants, farmers and farm labor, however, are not included under the provisions of the Act. And the Act does not apply to transportation and maritime employments for which a rule of liability is provided by the laws of the United States.

Section 4 of the Act provides that, "Compensation shall be payable for disability or death of an employee from injury arising out of and in the course of employment, without regard to fault as to the cause of the injury." But, "No compensation shall be payable if the intoxication of the employee was the proximate cause of the injury, or if it was the wilful intention of the employee to injure or kill himself or another." "Every employer to whom this act applies shall be liable for and shall secure the payment to his employees of the compensation payable under its provisions."

Section 5 of the Act provides for the exclusiveness of liability, as stated above.

Section 7 of the Act provides that the employer shall furnish medical services and supplies to the injured employee.

Section 8 of the Act provides for the payment of compensation to the injured employee in the form of weekly benefit payments based upon the average weekly wages of the injured employee, which for permanent total disability shall not exceed 450 weeks or the maximum of $8,600.00, whichever shall be the lesser in amount, and which for temporary total disability shall be paid during the continuance of such disability not to exceed 450 weeks or the above mentioned maximum amount. The section also contains a schedule of rates for the payment of compensation for permanent and temporary partial disability.

Section 9 of the Act provides for the payment of compensation for death, in the form of death benefits,

to the widow and children or other dependents, in varying amounts, not to exceed 66⅔ per cent of the average weekly wages of the deceased. The total weekly compensation payments to any or all beneficiaries in death cases shall not exceed $25 and shall in no case be paid for a longer period than 450 weeks, or a greater amount than $8,600.

Section 12 of the Act requires that notice of injury be given to the employer within 30 days after the occurrence of the injury.

Section 15 of the Act provides that ''no agreement by an employee to waive his right to compensation under the Act shall be valid.''

Section 18 of the Act confers upon the Commission power and authority to determine all questions relating to the payment of claims for compensation; and also the power and authority to make investigations, order hearings and make or deny awards.

Section 20 of the Act authorizes either party to appeal from an order of the Commission within 30 days to the circuit court of the county in which the injury occurred. Appeals shall be considered only upon the record as made before the commission. The circuit court shall always be deemed open for the hearing of such appeals and the circuit judge may hear the same at term time or in vacation at any place in his district. ''The circuit court shall review all questions of laws and of fact. If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered. Appeals may be taken from the circuit court to the supreme court in the manner as now required by law.''

Section 22 of the Act provides that ''In making an investigation or inquiry or conducting a hearing the commission shall not be bound by common law or statu-

tory rules of evidence or by technical or formal rules of procedure, except as provided by this Act, but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties.'' Hearings before the commission shall be open to the public and shall be stenographically reported. Section 25 of the Act authorizes the commission and its hearing officer to issue subpoenas for witnesses, to administer oaths, and to compel the attendance of witnesses.

Section 28 of the Act requires the employer to report any injury of an employee to the commission within ten days.

The appellants challenge the validity of the Mississippi Workmen's Compensation Act upon the grounds that the Act violates Sections 1, 14, 24 and 31 of the State Constitution.

It is argued that the Act is violative of the due process clauses of the state and federal constitutions, in that it abrogates the employee's common law right of action for damages for personal injuries due to the negligence of the employer and the statutory right of action for the wrongful death of the employee vested in the next-of-kin; and in that it establishes an arbitrary measure of damages that in many cases bears no relation to the actual loss sustained; and in that it deprives the employee of his right to have his damages assessed by a jury, as provided for in Section 31 of the State Constitution. It is also argued that the act is violative of the constitutional rights of the employer, in that he is subjected to liability for compensation without regard to any neglect or default on his part or on the part of any other person for whom he is responsible, and in spite of the fact that the injury may be solely attributable to the fault of the employee; and that the act is violative of the rights of both the employer and the employee, in that it deprives them of their liberty to acquire property by being prevented from making such agreements

as they choose to make respecting the terms of the employment.

But all of these objections have been considered by the courts of other states which have Workmen's Compensation Laws similar to our own, and have been fully answered in the opinions rendered by the courts which have been called upon to review such acts.

■■■ The Mississippi Workmen's Compensation Law does not violate Section 1 of the State Constitution, which provides that the powers of the government of the state shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit, those which are legislative to one, those which are judicial to another, and those which are executive to another.

"By the great weight of authority, the creation by the compensation acts of boards or commissions having authority to pass on claims for injuries, find facts and make awards does not constitute an unwarranted delegation of judicial powers or the unwarranted creation of a judicial tribunal or court, the decisions being based on the various grounds that such boards or commissions are merely administrative agencies, although exercising quasi judicial powers, that they do not have the final authority to decide and to render enforceable judgments, or that under the elective statutes they are in effect or analogous to boards of arbitration by agreement; and the ease of decision under an act has been urged in sustaining it." 71 C. J. 290, Workmen's Compensation, par. 35.

In upholding the administrative provisions of the Longshoremen's and Harbor Workers' Act (33 U. S. C. A., Section 923) the United States Supreme Court, in Crowell v. Benson, 285 U. S. 22, 76 L. Ed. 598, 52 S. Ct. 285, said:

"The statute has a limited application, being confined to the relation of master and servant, and the method of determining the questions of fact, which arise in the

routine of making compensation awards to employees under the Act, is necessary to its effective enforcement. The Act itself, where it applies, establishes the measure of the employer's liability, thus leaving open for determination the questions of fact as to the circumstances, nature, extent, and consequences of the injuries sustained by the employee for which compensation is to be made in accordance with the prescribed standards. Findings of fact by the Deputy Commissioner upon such questions are closely analogous to the findings of the amount of damages, that are made according to familiar practice by commissioners or assessors, and the reservation of full authority to the court to deal with matters of law provides for the appropriate exercise of the judicial function in this class of cases. For the purposes stated, we are unable to find any constitutional obstacle to the action of the Congress in availing itself of a method shown by experience to be essential in order to apply its standards to the thousands of cases involved, thus relieving the courts of a most serious burden while preserving their complete authority to insure the proper application of the law.''

In the case of Evanhoff v. State Industrial Accident Commission, 78 Or. 503, 154 P. 106, the Court held that Oregon Laws, 1913, Ch. 112, creating a State Industrial Action Commission composed of three commissioners who were charged with the administration of the Act, did not contravene Article 3, Section 1, of the State Constitution, which declared that the powers of government should be divided into three separate departments, the legislative, the executive, including the administrative, and the judicial, and that no officer of any department should exercise the functions of another department.

This Court has long since recognized that the legislature may constitutionally create administrative agencies and confer upon such agencies fact finding and quasi-judicial powers, the exercise of which is subject to judicial review. Western Union Tel. Co. v. Mississippi

Railroad Commission, 74 Miss. 80, 21 So. 15; Dixie Greyhound Lines v. Mississippi Public Service Commission, 190 Miss. 704, 200 So. 579. While recognizing that the provisions of the Workmen's Compensation Law conferring upon the Compensation Commission the administrative functions of a fact-finding agency and the quasi-judicial power of making awards which have the force and effect of judgments, unless appealed from, represent a radical departure from the traditional method of determining legal liability and assessing damages in common law actions, in view of the reservation of full authority to the court to review such actions, we cannot say that there is any violation of the Mississippi Constitution as respects the separation of powers.

The Mississippi Workmen's Compensation Law does not violate Section 14 of the State Constitution, which provides that no person shall be deprived of life, liberty, or property, except by due process of law, because it abrogates rights of actions for personal injuries recognized by the common law, or rights of action for personal injury and wrongful death created by statute; or because it subjects an employer to liability for compensation to his injured employee without regard to any neglect or default on the part of the employer or any other person for whom he is responsible; or because the employees' rights are interfered with, in that he is prevented from having compensation for injuries arising from the employer's fault commensurate with the damages actually sustained, and is limited to the measure of compensation prescribed by the act; or because both the employer and the employee are deprived of their liberty to acquire property by being prevented from making such agreement as they may choose to make respecting the terms of employment.

The Mississippi Workmen's Compensation Law is not invalid because it undertakes to put all laborers or

employees in one class, or because it undertakes to compensate persons of widely differing rights, or persons of widely differing ages, or persons of widely differing responsibilities as to their families under one standard of compensation. The law is not unconstitutional because it makes no discrimination between employees who have been guilty of negligence and employees who have exercised due care; or because it denies to the injured employee the right to have his damages assessed by a jury according to the conventional methods of the common law.

"The contention has been made in some cases that the abrogation by the provisions of a Workmen's Compensation Act, of a right of action at law for the recovery of damages for the injury or death of· an employee, is violative of the constitutional prohibition against depriving persons of their property without due process of law. In most jurisdictions, however, this contention has been unsuccessful. The certain remedy afforded by the Compensation Act is deemed to be a sufficient substitute for the doubtful right accorded by the common law." 58 Am. Jur. p. 588, Workmen's Compensation, par. 20.

In the case of New York Central R. Co. v. White, 243 U. S. 188, 61 L. Ed. 667, 37 S. Ct. 247, the Court said: "The close relation of the rules governing responsibility as between employer and employee to the fundamental rights of liberty and property is, of course, recognized. But those rules, as guides of conduct, are not beyond alteration by legislation in the public interest. No person has a vested interest in any rule of law, entitling him to insist that it shall remain unchanged for his benefit." And in the case of Tipton v. Atchison, T. & S. F. R. Co., 298 U. S. 141, 80 L. Ed. 1091, 56 S. Ct. 715, 104 A. L. R. 831, the Court held that a state may substitute workmen's compensation for the common law or statutory action whereby damages could have been recovered for personal injuries to an employee re-

sulting from violation of the Federal Safety Appliance Acts. In the case of Middleton v. Texas Power & L. Co., 249 U. S. 152, 63 L. Ed. 527, 39 S. Ct. 227, the Court said: "The liberty of the citizen does not include among its incidents any vested right to have the rules of law remain unchanged for his benefit. The law of master and servant, as a body of rules of conduct, is subject to change by legislation in the public interest."

In the case of Holder v. Elms Hotel Co., 338 Mo. 857, 92 S. W. 2d 620, 104 A. L. R. 339, the Court, in upholding the constitutionality of the Missouri Workmen's Compensation Law, said:

"The appellant also claims that this act violates the due process clauses of the State and Federal Constitution (Const. Mo. art. 2, par. 30; Const. U. S. Amend. 14). 'We need not, therefore, elaborate the rule that the constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object.' Silver v. Silver, 280 U. S. 117, 50 S. Ct. 57, 58, 74 L. Ed. 221, 65 A. L. R. 939. A husband has no vested right arising out of a future tort to his wife. Sharp v. Producer's Produce Co., supra. 'It can be assumed without misgiving that there is no vested right in any remedy for a tort yet to happen which the Constitution protects. Except as to vested rights, the legislative power exists to change or abolish existing statutory and common-law remedies.' Mackin v. Detroit-Timkin Axle Co., 187 Mich. 8. 153 N. W. 49, 51. To the same effect are the cases of Hilsinger v. Zimmerman Steel Co., 193 Iowa, 708, 187 N. W. 493; Houston Pipe Line Co. v. Beasley (Tex. Civ. App.) 49 S. W. 2d 950. We rule this contention against the appellant."

The leading case of State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 P. 1101, 37 L. R. A. (NS) 466, also affirms the right of the legislature to abolish a common-law action.

In the case of New York C. R. Co. v. White, 243 U. S. 188, 61 L. Ed. 667, 37 S. Ct. 247, L. R. A. 1917D 1, the Court held that the New York Workmen's Compensation Act which imposed liability upon employers to make compensation for disabling or fatal accidental personal injuries received by employees in the course of their employment in certain gainful occupations denominated "hazardous employments" without regard to fault as a cause, graduating the compensation according to a prescribed scale based upon loss of earning power, and measuring the death benefits according to the dependency of the surviving wife, husband or infant children, did not take property without due process of law or unwarrantably limit freedom of contract, whether considered from the standpoint of the employer, or employee, but was a valid exercise of the police power of the state.

The Court in its opinion in that case said: "The statute under consideration sets aside one body of rules only to establish another system in its place. If the employee is no longer able to recover as much as before in case of being injured through the employer's negligence, he is entitled to moderate compensation in all cases of injury, and has a certain and speedy remedy without the difficulty and expense of establishing negligence or proving the amount of the damages instead of assuming the entire consequences of all ordinary risks of the occupation, he assumes the consequences, in excess of the scheduled compensation, of risks ordinary and extraordinary. On the other hand, if the employer is left without defense respecting the question of fault he at the same time is assured that the recovery is limited, and that it goes directly to the relief of the designated beneficiary."

In the case of Mountain Timber Company v. State of Washington, 243 U. S. 219, 61 L. Ed. 685, 37 S. Ct. 260, the Court had under consideration the Washington Industrial Insurance Law. And, in its opinion in that case, the Court said: "The 7th Amendment, with its

provision for preserving the right of trial by jury, is invoked. It is conceded that this has no reference to proceedings in the state courts (Minneapolis & St. L. R. Co. v. Bombolis, 241 U. S. 211, 60 L. Ed. 961, 963, L. R. A. 1917A 86, 36 Sup. Ct. Rep. 595), but it is urged that the question is material for the reason that if the act be constitutional it must be followed in the Federal courts in cases that are within its provisions. So far as private rights of action are preserved, that is no doubt true; but, with respect to those, we find nothing in the act that excludes a trial by jury. As between employee and employer, the act abolishes all right of recovery in ordinary cases, and therefore leaves nothing to be tried by jury.'' And, in discussing the test to be applied under the 14th Amendment, whether the act clearly appeared to be ''not a fair and reasonable exertion of governmental power, but so extravagant or arbitrary as to constitute an abuse of power,'' the Court said:

''We are clearly of the opinion that a state, in the exercise of its power to pass such legislation as reasonably is deemed to be necessary to promote the health, safety and general welfare of its people, may regulate the carrying on of industrial occupations that frequently and inevitably produce personal injuries and disability, with consequent loss of earning power, among the men and women employed, and, occasionally, loss of life of those who have wives and children or other relations dependent upon them for support, and may require that these human losses shall be charged against the industry, either directly, as is done in the case of the act sustained in New York C. R. Co. v. White, 243 U. S. 188, ante, 667, 37 Sup. Ct. Rep. 247, or by publicly administering the compensation and distributing the cost among the industries affected by means of a reasonable system of occupation taxes.''

The appellants' attorneys have argued earnestly that the exclusion by Section 3 of the Workmen's Compensation Act of persons, firms and corporations having in

service less than eight workmen regularly employed, constitutes in effect an arbitrary classification of employees upon the basis of numbers only and not upon the basis of differences in the hazards of employment or other differences that can be readily discerned from the Act; and that the classification upon the basis of numbers only is arbitrary and unreasonable and has the effect of denying to employees covered by the Act the equal protection of the laws, in violation of the 14th Amendment to the Constitution of the United States and Section 14 of the Constitution of the State of Mississippi. It is argued that the classification creates an inequality of rights, in that, where the number of employees is less than eight full recovery of damages may be allowed in a common law action; but, where the number of employees is eight or more only partial recovery is allowed under the Workmen's Compensation Act.

But the Supreme Court of the United States, in the case of Middleton v. Texas Power & L. Co., 249 U. S. 152, 63 L. Ed. 527, 39 S. Ct. 227, held that the exclusion of railway employees, domestic servants, farm laborers, gin laborers, and employees generally where there are only less than five under a single employer, from the operation of the Texas Workmen's Compensation Act of April 16, 1913, was not such an arbitrary classification as to deny the equal protection of the laws to an employee in the excepted classes. In discussing the constitutionality of the exclusion paragraph under review in that case, the Court said:

"The exclusion of employees where not more than four or five are under a single employer is common in legislation of this character, and evidently permissible upon the ground that the conditions of the industry are different and the hazards fewer, simpler, and more easily avoided where so few are employed together; the legislature, of course, being the proper judges to determine precisely where the line should be drawn. Classification on this basis was upheld in Jeffrey Mfg. Co. v. Blagg,

235 U. S. 571, 576, 577, 59 L. Ed. 364, 368, 369, 35 Sup. Ct. Rep. 167, 7 N. C. C. A. 570; and has been sustained repeatedly by the state courts. State ex rel. Yaple v. Creamer, 85 Ohio St. 349, 404, 405, 39 L. R. A. (N. S.) 694, 97 N. E. 602, 1 N. C. C. A. 30; Borgnis v. Falk Co., 147 Wis. 327, 355, 37 L. R. A. (N. S.) 489, 133 N. W. 209, 3 N. C. C. A. 649; Shade v. Ash Grove Lime & P. Cement Co., 93 Kan. 257, 259, 144 Pac. 249; Sayles v. Foley, 38 R. I. 484, 491, 493, 96 Atl. 340, 12 N. C. C. A. 949.''

■■■ We think that the exclusion of employees of persons, firms and corporations having in service less than eight workmen from the operation of the Mississippi Workmen's Compensation Act does not represent such an arbitrary classification as to deny the equal protection of the laws to any of the parties affected thereby.

■■■ It is next contended that the Mississippi Workmen's Compensation Law is invalid under the due process clauses of the state and federal constitutions, in that it interferes with and impairs the right of the employer and employee to contract. It may be conceded that, generally speaking, among the inalienable rights of the citizen, is that of the liberty of contract. ■■■ Yet it is within the police power of the State to impose reasonable restraints upon the rights of the employer and employee to contract with one another where the safety and welfare of the State require such restraints. 71 C. J. 289. In dealing with the contention thus made in the case of New York C. R. Co. v. White, supra, the Supreme Court of the U. S. said: ''* * * we recognize that the legislation under review does measurably limit the freedom of employer and employee to agree respecting the terms of employment, and that it cannot be supported except on the ground that it is a reasonable exercise of the police power of the state. In our opinion, it is fairly supportable upon that ground. And for this reason: the subject matter in respect of which freedom

of contract is restricted is the matter of compensation for human life or limb lost or disability incurred in the course of hazardous employment, and the public has a direct interest in this as affecting the common welfare. 'The whole is no greater than the sum of all the parts, and when the individual's health, safety, and welfare are sacrificed or neglected, the State must suffer.' "

In the case of Albritton v. City of Winona, 181 Miss. 75, 178 So. 799, this Court in discussing the due process clauses of the state and federal constitutions said: "The due process clause of our constitutions must not be construed so as to put the state and federal governments into a straight jacket and prevent them from adapting life to the continuous change in social and economic conditions." In the case of Pathfinder Coach Division, etc., et al. v. Cottrell et al., 216 Miss. 358, 62 So. 2d 383, this Court said: "The Mississippi Workmen's Compensation Law regulating the responsibility of employers for the injury or death of employees bears so close a relationship to the protection of the lives and safety of those concerned as to be a proper exercise of the police powers reserved to the state."

In the case of State v. J. J. Newman Lbr. Co., 102 Miss. 802, 59 So. 923, the Court had under consideration the question of the constitutionality of the statute prescribing a maximum ten-hour work day in manufacturing industries, and in upholding that statute the Court said: "If it is true that the enactment of this law is for the welfare of the classes affected, and for the best interest of the whole people, then even appellee's right to contract with the laborers named must be subject to the restraints demanded by the safety and welfare of the State."

The provisions of the Fourteenth Amendment to the Federal Constitution do not operate as a limitation upon the police power of the state to pass and enforce such laws as will inure to the health, morals, and general

welfare of the people; ██ ██ and a statute which is a valid exercise of the police power does not violate the due process clause of the State or Federal Constitution. 11 Am. Jur. p. 998, Constitutional Law, par. 262.

So far as police power and "due process of law" are concerned, the question has come to be regarded mainly as one of federal constitutional law. The due process required by the Federal Constitution is the same "due process of law" which is required by Section 14 of the Constitution of the State of Mississippi; and the decisions of the United States Supreme Court in New York C. R. Co. v. White, supra, and Mountain Timber Company v. State of Washington, supra, and Middleton v. Texas Power & L. Co., supra, afford complete answers to the appellants' contention that the provisions of the Mississippi Workmen's Compensation Law contravene the con titutional prohibitions against depriving persons of their property without due process of law.

In view of the authorities cited above we think that the Mississippi Workmen's Compensation Act is not invalid under the due process clauses of the state and federal constitutions on the ground that it interferes unduly with the freedom of the employer and employee to agree with one another regarding the terms of employment.

██ ██ The Mississippi Workmen's Compensation Law does not violate Section 31 of the State Constitution, which provides that the right of trial by jury shall remain inviolate. Section 31 of the Constitution of the State of Mississippi guarantees a jury trial only in those cases where a jury was necessary according to the principles of common law. Lewis v. Garrett, 5 How. 434; Isom v. Miss. Central R. R. Co., 36 Miss. 300; Aldridge v. Bogue Phalia Drainage Dist., 106 Miss. 626, 64 So. 377.

It is well settled that workmen's compensation acts similar to our own are not to be deemed invalid by reason of the fact that a jury trial is denied to employers

or employees, who come within the scope of their provisions. 58 Am. Jur., p. 586, Workmen's Compensation, par. 17; Mountain Timber Co. v. Washington, 243 U. S. 219, 61 L. Ed. 685, 37 S. Ct. 260, Ann. Cas. 1917D 642; Hawkins v. Bleakly, 243 U. S. 210, 61 L. Ed. 678, 37 S. Ct. 255, Ann. Cas. 1917D 637; Grand Trunk Western Ry. Co. v. Industrial Commission, 291 Ill. 167, 125 N. E. 748; Metropolitan Casualty Co. v. Huhn, 165 Ga. 667, 142 S. E. 121, 59 A. L. R. 719; State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 P. 1101, 37 L. R. A. (N. S.) 466.

In the case of Grand Trunk Western Ry. Co. v. Industrial Commission, supra, the Court said: "Our Constitution provides that the right of trial by jury as heretofore enjoyed shall remain inviolate, but it guarantees that right only to those causes of action recognized by law. The act here in question takes away the cause of action on the one hand and the ground of defense on the other and merges both in a statutory indemnity fixed and certain. If the power to do away with the cause of action in any case exists at all in the exercise of the police power of the state, then the right of trial by jury is therefore no longer involved in such cases. The right of jury trial being incidental to the right of action, to destroy the latter is to leave the former nothing upon which to operate."

In the case of Metropolitan Casualty Co. v. Huhn, supra, the Supreme Court of Georgia, in construing a constitutional provision similar to our own, said: "We base our decision that this is not a valid objection to the act upon the ruling that there is no constitutional guaranty of trial by jury of the issues arising under this act. The entire procedure involved in the act has been brought into existence or created by the legislature since the adoption of our Constitution, containing the provisions that the right of trial by a jury shall remain inviolate."

In the case of Aldridge v. Bogue Phalia Drainage District, supra, this Court said: "The right of trial by jury guaranteed by Section 31 of our Constitution does not 'extend to questions in the trial of which a jury is not necessary by the ancient principles of common law.' Lewis v. Garrett, 5 How. 434; Isom v. Railroad Co., 36 Miss. 300."

The Mississippi Workmen's Compensation Law does not violate Section 24 of the State Constitution, which provides that "All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial or delay." And the law is not invalid because it undertakes to oust the constitutional courts of jurisdiction.

As we have already stated, the provisions of the Workmen's Compensation Act authorizing the determination of controversies thereunder by a commission, subject to the right of review as provided in the act, have generally been sustained as against the objection that such provisions constitute an unconstitutional delegation of judicial power.

Section 20 of the Mississippi statute provides that a final award of the commission shall be conclusive and binding unless an appeal be taken therefrom within 30 days. Section 20 grants such right of appeal to either party to the controversy. "The circuit court shall always be deemed open for hearing of such appeals and the circuit judge may hear the same at term time or in vacation at any place in his district, and the same shall have precedence over all civil cases, except election contests." The statute also provides that "the circuit court shall review all questions of laws and of fact. If no prejudicial error be found, the matter shall be affirmed and remanded to the commission for enforcement. If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award

as the commission should have entered. Appeals may be taken from the circuit court to the Supreme Court in the manner as now required by law.''

It thus appears that the power of review is vested in the circuit court provided for in Section 156 of the State Constitution; and that power extends to ''all questions of laws and of fact.'' We therefore hold that there is no merit in the appellees' contention that the Act violates Section 24 of the State Constitution.

 Finally, it is argued that the Act is invalid because the proceedings before the commission are not required to follow the rules of evidence or procedure applicable to the courts. But we think there is no merit in this contention.

 It is well settled that there is no vested right in any remedy for torts yet to happen, and except as to vested rights a state legislature has full power to change or to abolish existing common law remedies or methods of procedure. Likewise, it is within the province of the state legislature to change existing rules as to presumptions and burdens of proof or to establish such rules. 71 C. J., p. 274, Workmen's Compensation Acts, Sec. 24.

In Hawkins v. Bleakly, 243 U. S. 210, 61 L. Ed. 678, 37 S. Ct., 255, the Court said: ''In addition, we may repeat that the establishment of presumptions, and of rules respecting the burden of proof, is clearly within the domain of the state governments, and that a provision of this character, not unreasonable in itself, and not conclusive of the rights of the party, does not constitute a denial of due process of law. Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 42, 55 L. Ed. 78, 79, 32 L. R. A. (N. S.) 226, 31 S. Ct. Rep. 436, Ann. Cas. 1912A, 463, 2 N. C. C. A. 243.''

Section 22 of the Act provides that the Compensation Commission shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure but may make such investigation or inquiry

or conduct such hearing in such manner as best to ascertain the rights of the parties. This section of the Act is substantially identical with Section 23 (a) of the Longshoremen's and Harbor Workers' Act (33 U. S. C. A., Section 923). In discussing the provisions of Section 23 (a) of that Act, the Supreme Court of the United States in Crowell v. Benson, 285 U. S. 22, 76 L. Ed. 598, said: ''An award not supported by evidence in the record is not in accordance with law. But the fact that the deputy commissioner is not bound by the rules of evidence which would be applicable to trials in court or by technical rules of procedure (Section 23 (a)) does not invalidate the proceeding, provided substantial rights of the parties are not infringed.''

Section 22 of the Mississippi statute requires that the hearings before the Commission shall be open to the public, and shall be stenographically reported or recorded and transcribed. The record made before the Commission is subject to review by the court on appeal, and the power of the circuit court extends to a review of all questions of law and of fact. We think that these provisions of the statute constitute ample safeguards to protect the rights of claimants, as well as the rights of employers and their insurance carriers.

The Mississippi Workmen's Compensation Law in our opinion is not violative of any of the provisions of the state or federal constitution, and is applicable in all cases that fall within its purview.

The learned circuit judge was in error in holding the statute to be unconstitutional and in holding that the Louisiana Workmen's Compensation Law was applicable to the facts presented in this case. The demurrer to the appellees' second special defense should have been overruled, and a hearing should have been granted on the issue presented by that defense, for the purpose of determining whether Walters' injury arose out of and in the course of his employment.

520

The judgment of the lower court is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

All Justices concur.