505 So.2d 1026 (1987)
Charlotte WEST
v.
PLASTIFAX, INC.
No. 56533.
Supreme Court of Mississippi.
April 22, 1987.
Joe Sam Owen, Owen & Galloway, Gulfport, for appellant.
Lisa P. Dodson, Alben N. Hopkins, Hopkins, Logan, Vaughn & Anderson, Gulfport, for appellee.
Before WALKER, C.J., and ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This appeal from the Circuit Court of Harrison County proceeds from dismissal of appellant's suit for loss of consortium due to injuries sustained by her husband in the course of his employment. The lower court held that the husband's injuries were compensable under the Workers' Compensation Act and that the exclusive remedy provisions therein barred any action by appellant for loss of consortium. We are not persuaded by appellant that our statute holds otherwise and therefore affirm.

I.
Jerry West, appellant's husband, was an employee of Plastifax, Inc. On June 2, 1982, while in the course and scope of his employment, West sustained serious and permanent personal injuries in an explosion at appellee's plant.
Workers' compensation benefits were paid to West in the amount of $81,671.29. N.L. Industries, also a defendant, executed a settlement agreement whereby West would receive substantial compensation.
On June 27, 1984, the appellant filed a complaint with the Circuit Court of Harrison County seeking damages for loss of consortium in the amount of five million dollars actual damages and ten million dollars punitive damages. Appellant alleged negligence by appellee and strict liability in the alternative.
Appellee alleged in his answer that appellant's claim (1) failed to state a claim upon which relief could be granted, (2) was barred by the exclusive remedy provision under the Miss. Workers' Compensation Act, hereinafter MWCA, and (3) was barred by execution of the release agreement. Appellee thereafter filed a motion to dismiss on basically the same grounds alleged in the complaint, along with a statute of limitations defense.
After a hearing on the motion, the court held that the appellant's claims were barred and the exclusive remedy was pursuant to MWCA. The court in February 1985 made certain findings of facts and conclusions of law and sustained the motion to dismiss with prejudice.

*1027 II.
Appellant's only contention here is that her entitlement to loss of consortium damages, (provided for by MCA § 93-3-1 (1972)), is not precluded by the exclusive remedy provision of the MWCA (MCA § 71-3-9 (1972)).
While this is a question of first impression in this state, it has been addressed numerous times in other jurisdictions. A large majority of our sister states have held that the workers' contract forecloses recovery for loss of consortium.
MCA § 93-3-1 provides in pertinent part; "A married woman shall have a cause of action for loss of consortium through negligent injury of her husband."
This law enacted in 1968, gave to women the statutory right to sue for loss of consortium, as had already been afforded men under the common law.
Armed with this statutory right to sue, appellant challenges the immunity from suit in MCA § 71-3-9, which in pertinent part provides:
The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter... . (Emphasis added).
This statute clearly and unambiguously provides that an action by the spouse of the injured party is barred.
Justice Walker, speaking for the Court in Brown v. Estess, 374 So.2d 241 (Miss. 1979), stated:
It is this Court's opinion that the purpose, spirit and philosophy of the Workmen's Compensation Act is to make compensation the exclusive remedy of the employee [and his spouse and representatives] where he is injured by the employer or any of its employees during the course of his employment.
374 So.2d at 242.
In furtherance of this position, V. Dunn, Mississippi Workmen's Compensation (3rd. ed. 1982), states:
The statute is not limited to actions by an employee or to direct beneficiaries under the Act, but excludes common law actions by anyone otherwise entitled to recover damages at common law. The effect is to exclude actions by a parent for loss of services of a minor child and actions by a spouse for loss of consortium and the like.
Dunn, Mississippi Workmen's Compensation, § 22 note 1 (3d ed. 1982).
Dunn cites no Mississippi cases in support of this contention but it is supported by other authorities as well as the plain language of the statute itself.
There are three general types of "exclusive liability" clauses which, for present purposes, must be carefully identified with the cases that depend upon them; from the narrowest to the broadest, they are as follows: the Massachusetts type, which only says that the employee, by coming within the act, waives his common-law rights; the California and Michigan type, which say that the employer's liability shall be "exclusive", or that he shall have "no other liability whatsoever"; and the New York type, which carries this kind of statute one step further by specifying that the excluded actions include those by "such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death."
Under the second and third types of statute, which are the commonest type of exclusive remedy clause, the cases with near-unanimity have barred suits by husbands for loss of the wife's services and consortium, by wives for loss of the husband's services and consortium, by parents for loss of minor children's services, by dependent children, and by next of kin *1028 under the wrongful death statutes. [Footnotes omitted].
2A Larson, Workmen's Compensation Law, §§ 66.10, 66.20 (1983).
Larson also lists and categorizes a plethora of cases from other jurisdictions which bar loss of consortium suits.
MWCA's exclusive liability provision is most like that of the New York type, except that Mississippi specifically refers to husband and wife. Pursuant to majority rule as to this type of statute, such suits are barred.
It is noted that many states recognize the distinction between the statutory right and the common law right to recover as well as the derivative and independent nature of the right. This Court has held the right to loss of consortium to be a separate and independent cause of action. See Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476 (1952); Carr v. Mid-South Oxygen, Inc. 543 F. Supp. 299 (5th Cir.1982). Nevertheless, after such classifications and distinctions, the majority has still consistently held that such claims are barred.[1]
By analogy, the legislature has also enacted § 11-7-13 which provides the separate and independent cause of action for wrongful death. This Court has, however, held repeatedly that death actions for employees covered by MWCA are barred with the act being the exclusive remedy.
Appellant argues inter alia that enactment of the married woman's property act, repeals by implication the portion of MWCA in conflict and that the consortium act, enacted in 1968, should be favored as the more recently enacted statute. This argument fails because although the MWCA was originally enacted in 1948, it was reenacted without change in 1982. Therefore, under appellant's argument the MWCA would be favored, as it was more recently enacted.
Appellant also argues that denial of the right to seek recovery under § 93-3-1 is denial of her Fourteenth Amendment due process right (claiming a property right in the loss of consortium action). Her other arguments are that loss of consortium is not compensable under the statute and no distinction between married and unmarried persons is made in terms of compensation received.
These issues have been effectively addressed in Walters v. Blackledge, 220 Miss. 485, 71 So.2d 433 (1954), where the constitutionality of the MWCA was challenged. This Court held that the statute is not violative of any constitutional rights.
The Mississippi Workmen's Compensation Law is not invalid because it undertakes to put all laborers or employees in one class, or because it undertakes to compensate persons of widely differing rights, or persons of widely differing ages, or persons of widely differing responsibilities as to their families under one standard of compensation....
"The contention has been made in some cases that the abrogation by the provisions of a Workmen's Compensation Act, of a right of action at law for the recovery of damages for the injury or death of an employee, is violative of the constitutional prohibition against depriving persons of their property without due process of law. In most jurisdictions, however, this contention has been unsuccessful. The certain remedy afforded by the Compensation Act is deemed to be a sufficient substitute for the doubtful right accorded by the common law." 58 Am.Jur., p. 588, Workmen's Compensation, par. 20.
* * * * * *
The Mississippi Workmen's Compensation Law in our opinion is not violative of any of the provisions of the state or federal constitution, and is applicable in all cases that fall within its purview.
*1029 220 Miss. at 507-08, 519, 71 So.2d at 440-41, 446.
We are of the opinion that the operative statute in this case expressly excludes liability to the spouse and representatives of the injured employee where not provided for in this act. We hold in accord with the majority that appellant's suit was properly dismissed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
NOTES
[1] McKellar v. Clark Equipment Co., 472 A.2d 411, 414 (Me. 1984); Provost v. Puget Sound Power & Light Co., 103 Wash.2d 750, 696 P.2d 1238 (1985); Wesson v. City of Milford, 5 Conn. App. 369, 498 A.2d 505 (1985) cert. den. 197 Conn. 817, 500 A.2d 1337 (1985).