511 So.2d 141 (1987)
DEPENDENTS of Peter John NOSSER, Jr., Deceased
v.
NATCHEZ JITNEY JUNGLE, INC. and The Travelers Insurance Co.
No. 57012.
Supreme Court of Mississippi.
August 5, 1987.
John W. Christopher, Canton, for appellants.
Gary K. Jones, S. Mark Wann, Daniel, Coker, Horton & Bell, Jackson, for appellees.
Before WALKER, C.J., and ANDERSON and GRIFFIN, JJ.
ANDERSON, Justice, for the Court:
This appeal originates out of the Circuit Court of Adams County and from a denial of appellants' claim for worker's compensation benefits in the death of John Nosser, Jr., (hereinafter Nosser), son/brother of appellants.
The deceased worker left no wife or children and appellants have stipulated that they were not dependents of the decedent as defined by the Mississippi Worker's Compensation Act [MWCA]. The only issue here is the appellants' challenge to the constitutionality of that statute [Mississippi Code Annotated § 71-3-25 (Supp. 1986); MWCA § 9] limiting payment to dependents and thereby in this case denying compensation to the heirs at law of the decedent.
We find this challenge to be without merit.

FACTS
The appellants are the parents and brothers and sisters of Peter John Nosser, Jr., deceased.
On September 4, 1982, Nosser was employed as assistant manager for Natchez Jitney Jungle, Inc. On this date, there was a robbery at the store and Nosser and another employee, Joseph John Nosser, were killed while in the course and scope of their employment.
At the time of his death, Nosser was unmarried and had no children or any others dependent upon him for support. The employer/carrier paid $1,000 towards Nosser's funeral expenses and $500 to the second injury fund.
The record also indicates that the other victim of the robbery Joseph John Nosser left a wife and two children. Total compensation was made to those dependents in the approximate amount of $35,400.
Appellants filed a petition to controvert on June 6, 1984, alleging that the decedent *142 was not survived by any dependents, but that they were his heirs at law and wrongful death beneficiaries and therefore entitled to compensation. The administrative law judge determined that appellants were not dependents and therefore had no statutory right to recover. The commission, after review, affirmed the finding of the administrative judge, as did the circuit court of Adams County.

I.
Appellants argue that non-dependent survivors/heirs-at-law of a deceased worker suffer discrimination because MCA § 71-3-25 precludes payment of compensation to non-dependents and any action in tort is barred by the exclusive remedy provision of the act. Appellants therefore question the constitutionality of § 71-3-25 making only dependents eligible for compensation. That statute denotes the status and rate of pay to persons entitled to compensation under the act, making no provisions for those not dependent on the decedent.
This particular provision of the act has not been challenged before in this state. However, a number of our sister states have addressed the question and it is seemingly the majority view that non-dependent relatives/heirs have no basis for recovery.
In Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972), appeal dismissed 411 U.S. 944, 93 S.Ct. 1923, 36 L.Ed.2d 406, (1973), the non-dependent parent of a deceased minor worker challenged the constitutionality of the section of the Worker's Compensation Act regarding compensation for death of employees with no surviving dependents. The court denied compensation on the following basis.
... [T]he requirement of dependency for compensation in the event of death under Fla. Stat. § 440.16, F.S.A. also appears to be rational in light of the purposes of the Act. Unlike tort remedies, relief under Workmen's Compensation (other than medical benefits) is directly related to loss of earning power either to the employee, or to those financially supported by him; pain and suffering, loss of consortium and the like are not compensable, because the purpose of the Act is not to provide tort relief, but to supplant the uncertainty of those remedies with a scheduled payment of lost wages. Under this concept, those not financially supported by the deceased employee suffer no loss with his demise. Note Amsler v. Sox Meat Packers, 75 So.2d 207 (Fla. 1954); Patterson v. Sears-Roebuck & Co., 196 F.2d 947 (5th Cir.1952).
268 So.2d at 363.
Likewise, in Alabama, compensation has been denied to non-dependent parents. In Slagle v. Reynolds Metals Company, 344 So.2d 1216 (Ala. 1977), the employer was held to be immune from claims of the non-dependent parents. The result was the same in Lackey v. Jefferson Energy Corporation, Inc., 439 So.2d 1290 (Ala. Civ. App. 1983), cert. den. 1983), and Patterson v. Sears, Roebuck & Co., 196 F.2d 947 (5th Cir.Ala. 1952).
The state of Louisiana has also passed on this question holding that the act limits recovery to dependents who have or will suffer economic loss as a result of death of the decedent and that such act bears a reasonable and relevant objective and furthers a valid state purpose. Atchison v. May, 201 La. 1003, 10 So.2d 785 (1942); Flynn v. Devore, 373 So.2d 580 (La. App. 1979); Branch v. Aetna Casualty & Surety Co., 370 So.2d 1270 (La. App. 1979). See also, Ryan v. Centennial Race Track, Inc., 196 Colo. 30, 580 P.2d 794 (1978); Piscopo v. Lemi Excavating Co., 215 N.J. Super. 149, 521 A.2d 846 (1986).
Appellants cite only one case wherein a like provision was found to be unconstitutional. In Park v. Rockwell International Corp., 121 N.H. 894, 436 A.2d 1136 (1981), the court compared a maximum recovery of $1,200 in the death of a worker without dependents with a maximum of $50,000 in the death of a worker with dependents. That court stated:
In order to hold that these provisions of our workmen's compensation law are constitutional, we would have to determine that the lives of deceased employees, leaving no one dependent upon them at the time of their work-related death, *143 are essentially "worthless." This we cannot do. (citations omitted).
However, under most compensation acts, dependents only are entitled to death benefits and where there are no dependents, the personal representative of the deceased cannot recover. 81 Am.Jur.2d Workmen's Compensation § 187, 99 C.J.S., Workmen's Compensation § 131.
While Mississippi has not spoken to this particular question directly, it has addressed collateral issues so closely related that some guidance can be found. The purpose and effect of the act is set forth in Dunn, Mississippi Workmen's Compensation, § 2 (3d. ed. 1982).
One of the primary purposes of the Act is to relieve society of the burden of supporting employees and their dependents because of economic loss due to injury or death in industrial accidents. The basis is the need of a substitute for the loss of wages and earning capacity and for the loss of support to those dependent upon the employee in case of death. It takes from the employee and his dependents the common law action in tort and substitutes a measure of fixed economic relief for accidental industrial injuries without reference to ngeligence or fault as to the cause of the injury.
In Miller v. McRae's Inc., 444 So.2d 368 (Miss. 1984), the court stated: "The entire system was designed to insure that those injured as the result of their employment would not be reduced to a penniless state and thereby become dependent on some form of governmental public assistance." 444 So.2d at 370 (also cited V. Dunn, supra, § 2 (Supp. 1986).
In Mid-State Paving Co. v. Farthing, 233 Miss. 333, 101 So.2d 850 (Miss. 1958), the Court in determining the dependency status of surviving parents stated:
The statute's purpose is to provide the workman's dependent in the future with something in substitution for what has been lost by the workman's death. Claimant must show that he had reasonable grounds to anticipate future support from the decedent. This reasonable expectation of continuing future support and maintenance is the principal criterion.
101 So.2d at 851.
This principle was reiterated in Union Camp v. Dependents of McCall, 426 So.2d 796 (Miss. 1983).
The general purpose, objectives and validity of the WCA have been upheld by this Court in earlier decisions. Walters v. Blackledge, 220 Miss. 485, 71 So.2d 433 (1954); Pathfinder Coach Division v. Cottrell, 216 Miss. 358, 62 So.2d 383 (1953).
The constitutionality of the exclusive remedy provision barring liability to injured or dead employees' spouse, parents, personal representatives and all others bringing suits on separate grounds was upheld by this Court in West v. Plastifax, Inc., 505 So.2d 1026 (Miss. 1987).
While certain parties and even certain injuries may be excluded from the group designated as those deserving compensation, such exclusions do not necessarily render the provisions unconstitutional. In Dandridge v. Williams, 397 U.S. 471, 481, 90 S.Ct. 1153, 1159, 25 L.Ed.2d 491 (1970), the Supreme Court stated:
In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some "reasonable basis," it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality." Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78 [31 S.Ct. 337, 340, 55 L.Ed. 369 (1911)]. "The problems of government are practical ones and may justify, if they do not require, rough accommodations  illogical, it may be, and unscientific." Metropolis Theatre Co. v. City of Chicago, 228 U.S. 61, 69-70 [33 S.Ct. 441, 443, 57 L.Ed. 730 (1913)]. "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." McGowan v. Maryland, 366 U.S. 420, 426 [81 S.Ct. 1101, 1105, 6 L.Ed.2d 393]. 397 U.S. at 485, 90 S.Ct. at 1161.
*144 This Court has established and reaffirmed the principle that the purposes and objectives of the WCA have a rational basis and furthers a valid state purpose even though it precludes recovery for certain injuries (loss of consortium, etc.) Walters v. Blackledge, supra; West v. Plastifax, supra. This principle is equally applicable where it precludes recovery by certain parties such as non-dependents.
There is no question that the statute bars recovery to persons not financially dependent upon the deceased.
We find no constitutional violations; therefore, the lower court was correct in denying compensation to appellants.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.