816 So.2d 1032 (2002)
Christopher Virece McDONALD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00176-COA.
Court of Appeals of Mississippi.
May 14, 2002.
*1033 Glenn F. Rishel, Jr., attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
LEE, J., for the court.
¶ 1. A Harrison County Circuit Court jury convicted Christopher McDonald of touching a child for lustful purposes, and he was sentenced to serve four years in the custody of the Mississippi Department of Corrections. McDonald now appeals his conviction to this Court, asserting two issues: 1) the State failed to introduce evidence tending to show he touched the victim with lustful, licentious sexual desire; and 2) the circuit court erred in denying a requested jury instruction. Finding no error, we affirm.

FACTS
¶ 2. The appellant, Christopher McDonald, was dating the victim's seventeen year old sister, Beverly, at the time of the incident at issue. The victim, KMW, was twelve years old, and McDonald was twenty years old. On the night of October 12, 1999, after the family went to bed, Beverly let McDonald into her bedroom so he could spend the night with her, despite instructions from the girls' mother, Michelle, to both Beverly and McDonald that he was not to be in the house late at night. KMW testified that sometime during the night, she awakened to find McDonald in her bedroom. McDonald told KMW not to scream, and asked if he could get into the bed. She refused him permission, but he got into the bed anyway. He touched her stomach and legs and rubbed her genital area from outside her panties. McDonald then left the bedroom.
¶ 3. KMW testified she could not go back to sleep. She tried to telephone another sister, Amy, who lived in Hattiesburg, but could not reach her. She then dressed and rode her bike to a friend's house, and told her friend what McDonald had done. She and her friend did not confide in any adult at that time. After school the next day, KMW confided in her sister, Beverly. Beverly and KMW then telephoned their sister, Amy, and Amy and her husband, Chris, drove to Michelle's house where they told Michelle.
¶ 4. Looking to the testimony at trial, Amy testified that her caller ID recorded that she had received a telephone call from Michelle's house at about the time KMW said she had tried to call. Chris testified that he had spoken with McDonald on the telephone, and McDonald told him that he spent the night with Beverly, but had left the bedroom for about fifteen minutes to go to the bathroom. The house's layout was such that to get from Beverly's room to the bathroom, it was necessary to walk down a hall and pass KMW's bedroom door. He also said he left the house at approximately 4:30 a.m. Beverly testified that she was awakened by her alarm clock at around 3:30 or 4:30 a.m. She had set the alarm to be sure to awaken McDonald so he could leave the house before Michelle awakened. Beverly testified that she awakened McDonald, and he left in the early morning hours. At trial, McDonald admitted to being in the house and to leaving in the early morning hours, but he denied being in KMW's bedroom and molesting her.

*1034 ANALYSIS

I. WEIGHT AND SUFFICIENCY OF THE EVIDENCE
¶ 5. McDonald asserts that the circuit court erred in not granting his motion for a directed verdict or, in the alternative, a judgment notwithstanding the verdict (JNOV). A sufficiency of the evidence argument is a question of pure law and is directed to the trial court's denial of a post-trial motion for JNOV, while an argument that the verdict was against the overwhelming weight of the evidence is directed to the trial court's denial of a motion for a new trial and is addressed to the sound discretion of the trial court. May v. State, 460 So.2d 778, 780-81 (Miss.1984).
¶ 6. McDonald argues that KMW testified that after McDonald molested her, she did not do what a twelve year old child would reasonably be expected to do, so her accusation of him must have been false. KMW testified that after the molestation she did not immediately tell her mother. Her immediate reaction was that she could not get back to sleep, so she tried to telephone her eldest sister who lived in Hattiesburg, and unable to reach that sister, she went to a friend's house to wait for her school bus, and she confided in her friend. She only talked to her mother after she had already confided in her sisters. McDonald asserts that based on that testimony the State failed to put forth evidence tending to prove that he molested KMW, and the only reasonable conclusion that could be drawn from KMW's testimony was that she did not testify truthfully.
¶ 7. Determinations of witness credibility are left to the jury. Collier v. State, 711 So.2d 458, 462(¶ 18) (Miss.1998). We find that KMW's account of events is not so far-fetched so as to strain notions of credibility. Reasonable jurors could believe that she chose to first confide in her friend and sisters because she was not only naturally shocked by being molested, but also faced with a dilemma that if she confided in her mother, she would inevitably have to betray Beverly's secret that Beverly had disobeyed their mother by letting McDonald into the house. Thus, we find KMW's behavior was consistent with her account of events. Moreover, the uncorroborated testimony of a sex crime victim is legally sufficient evidence upon which to base a conviction. Id. In this case, the evidence was sufficient for the jurors to return a guilty verdict, and nothing in the record indicates that the court abused its discretion in denying the motion for a new trial.
¶ 8. Additionally, to any degree that McDonald's argument to this Court may be that while he did in fact touch KMW, the State failed to put forth any evidence tending to show a "lustful, licentious sexual desire," this too would be without merit. Criminal intent may be inferred by a jury from behavior a witness describes. Brown v. State, 799 So.2d 870, 872(¶ 8) (Miss.2001). There is no merit to this assignment of error going to the weight and sufficiency of the evidence.

II. JURY INSTRUCTION
¶ 9. McDonald contends that the circuit court erred in denying jury instruction D-5. This instruction would have provided:
The court instructs the jury that a reasonable doubt of guilt may arise either from the evidence or the lack of evidence or a conflict of evidence, and if, upon consideration of the evidence in the case, or the lack of it, or the conflict of it, such reasonable doubt does exist, then it is your sworn duty as jurors to return a verdict of not guilty.
The circuit court stated that it felt that the proposed instruction improperly defined *1035 reasonable doubt and asked if any case law supported the instruction being given. McDonald's counsel stated he had none, but in his brief to this Court, he notes that at least one case approved of such an instruction. Conner v. State, 632 So.2d 1239, 1257 (Miss.1993)(reversed on other grounds by Weatherspoon v. State, 732 So.2d 158, 162 (¶ 13) (Miss.1999)). Regardless of whether McDonald's proposed jury instruction D-5 was a proper statement of the law going to burden of proof, so long as the jury was properly charged upon this issue with another jury instruction, no error could occur. See Coleman v. State, 804 So.2d 1032 (¶ 24) (Miss.2002). We find that the jury was adequately charged upon this issue by jury instruction C-3, which provided:
[t]he law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the State of Mississippi the burden of proving the defendant guilty of every material element of the crime with which he is charged. Before you can return a verdict of guilty, the State must prove beyond a reasonable doubt that the Defendant is guilty.
The presumption of innocence attends that Defendant throughout the trial and prevails at its close unless overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt. The defendant is not required to prove his innocence.
McDonald's assertion that the circuit court erred in refusing jury instruction D-5 is without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF TOUCHING OF A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.