¶ 1. J. B. Price was convicted of rape in the Yazoo County Circuit Court. When the jury was unable to agree on a sentence, the court sentenced Price to ten years in the custody of the Mississippi Department of Corrections. Price has appealed and raised the following issues:
 I. Whether the jury verdict is against the overwhelming weight of the evidence.
 II. Whether the trial court erred in denying Price's motion for judgment notwithstanding the verdict, or in the alternative, a new trial.
 FACTS
¶ 2. On May 19, 1999, at approximately 12:30 a.m., T. Davis[1]
heard a knock on her door. Davis found Price at her door. Price, who lived across the street with his mother, stated that his car had broken down and he needed to use the telephone. Davis testified that Price used the telephone and then asked to use the bathroom.
¶ 3. After Price came out of the bathroom, he sat down in a chair. According to Davis, he then got up, walked over to her, put one hand at her neck, the other hand over her mouth, and took her outside through the back door. Price told Davis to lie down, which she did. Davis indicated that she wanted to scream at that time but did not. Price then proceeded to engage in nonconsensual intercourse with Davis.
¶ 4. According to Davis, Price took her to several places behind the house to have intercourse. At the last location, Davis stated that Price inquired, "Do you want me to turn myself in?" Davis testified that because she was scared, she *Page 292 
responded by telling him no. Davis stated that she did not want to have intercourse with Price but was forced to do so. Davis indicated that at some point she actively resisted Price.
¶ 5. When Price departed, Davis called 911. Ed Warren, the Chief of Police in Bentonia, responded to the call. Officer Warren testified that when he arrived, Davis appeared disoriented, "she was shaking, she was muddy, she was scratched up, and seemed like she had been abused pretty good." Officer Warren took photographs of the area where Davis had indicated that Price had taken her. Davis was then taken to the hospital where a rape kit was performed, and taken to the Mississippi Crime Lab in Jackson.
¶ 6. According to Officer Warren, when he went across the street to talk to Price, who "came out the door, stepped out the door. And just without me talking to him or anything, he just turned around and put his hands behind his back and I cuffed him and we went to the town hall and took some pictures." Warren indicated that Price appeared to have had "grass looped in his shoelaces. He had muddy pants on his knees and his body temperature was very hot, like a lot of exercise or whatever, but he was real hot."
¶ 7. At trial on April 4, 2000, a jury convicted Price of rape.
 ISSUES AND ANALYSIS I. Whether the jury verdict is against the overwhelming weight of the evidence.
¶ 8. Price contends that the verdict is against the overwhelming weight of the evidence. He claims that Davis' testimony "was in many respects improbable and unreasonable." Price asserts that the testimony given by Davis alleging that she "had little or no relationship" with him was unbelievable. He asserts that this testimony was refuted by his mother who stated that Davis constantly called her house to speak with Price. Price further alleges that Davis' testimony was contradictory when she testified to having continuously kicked him, because there are no bruises or marks to show her resistance.
¶ 9. Price contends that "a great disparity exists between the testimony of [Davis] and the statement given immediately after the incident." Price indicates that Davis' statement reflects that they had intercourse one time, but that her testimony states that there were three encounters. Price claims that Davis never mentioned in her statement that she was scared but did in fact testify that she was scared.
¶ 10. Price relies on Joslin v. State, 129 Miss. 181, 91 So. 903 (1922), where a rape conviction was reversed because the testimony was in many respects so improbable and unreasonable that the verdict was against the clear weight of the evidence.
¶ 11. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court adheres to the following standard:
 The standard of review for the determination of whether a jury verdict is against the overwhelming weight of the evidence is that this Court must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction "unconscionable injustice."
Crawford v. State, 754 So.2d 1211 (¶ 30) (Miss. 2000) (citations omitted). *Page 293 
¶ 12. In this case, Davis testified that Price put his penis in her vagina, that she did not want to have sex with him, and that he forced her to do so. It is well settled that in such a case of conflicting testimony, each distinct view is absorbed into the minds of the jury as the finders of fact, and it is within the province of the jury to determine the credibility among several witnesses. Hughes v. State,724 So.2d 893 (¶ 18) (Miss. 1998). Our case law clearly holds that the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime. Crawford v. State, 754 So.2d 1211, (¶ 31) (Miss. 2000).
¶ 13. We find that the record contained sufficient credible evidence upon which the jury could find that Price violated Miss. Code Ann. Section97-3-65(3)(a) (Supp. 1999).[2]
 II. Whether the trial court erred in denying Price's motion for judgment notwithstanding the verdict, or in the alternative, a new trial.
¶ 14. Price contends that the trial court erred by denying his motion for judgment notwithstanding the verdict, or new trial. He claims that Davis' testimony was improbable and unbelievable. He further claims that "[a] credible witness, Ms. Gertrude Wilkerson refuted Ms. [Davis'] contentions, of a casual relationship with J. B. Price."
¶ 15. This Court must review the denial of a motion for judgment notwithstanding the verdict in the following manner:
 This Court's standards of review regarding a denial of a judgment notwithstanding the verdict and a peremptory instruction are the same. Our standards of review for a denial of a judgment notwithstanding the verdict and a directed verdict are also identical. Under this standard, this Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review, however, are predicated on the fact that the trial judge applied the correct law.
Jackson v. State, 815 So.2d 1196 (¶ 14) (Miss. 2002).
¶ 16. In this case, Davis testified that Price forced her to have sexual intercourse and that she did not want to do so. The jury sits as trier of fact, and is charged *Page 294 
with resolving the conflicts in evidence. Hughes, 724 So.2d at (¶ 18). The jury resolved the conflict in favor of Davis. There existed within the record substantive credible evidence to support that finding. Therefore, we affirm the trial court's decision.
¶ 17. THE JUDGMENT OF THE YAZOO COUNTY CIRCUIT COURT OF CONVICTIONOF RAPE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPIDEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL AREASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING,MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
[1] Due to the nature of the offense, the victim's real name is not being used for purposes of this opinion.
[2] Miss. Code Ann. Section 97-3-65(3)(a) (Supp. 1999) provides: (3)(a) Every person who shall have forcible sexual intercourse with any person, or who shall have sexual intercourse not constituting forcible sexual intercourse or statutory rape with any person without that person's consent by administering to such person any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction, shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.