PROCEDURAL HISTORY AND FACTS ¶ 1. Richard Vaden was indicted on three counts of fondling. The three victims were three of his daughters. We note that the daughters are now adults and were unaware of the abuse upon each other until some time in 2005 at which point they came forward to the authorities. On March 23, 2006, a jury in the Noxubee County Circuit Court found Vaden guilty of two counts of fondling. Vaden was sentenced to ten years for each count with both to be served concurrently in the custody of the Mississippi Department of Corrections. Vaden filed a motion for a new trial or a judgment notwithstanding the verdict which was subsequently denied by the trial court. Aggrieved, Vaden now appeals to this Court asserting the following issues: (1) the trial court denied him a fair trial by failing to define reasonable doubt; (2) the trial court erred in admitting evidence of other alleged criminal acts that prejudiced his right to a fair trial; and (3) both of the errors above constitute reversible error.
 DISCUSSION I. DID THE TRIAL COURT DENY VADEN A FAIR TRIAL BY FAILING TO DEFINE REASONABLE DOUBT?
 ¶ 2. In his first issue on appeal, Vaden argues that the trial court denied him a fair trial by failing to define reasonable doubt for the jury. Vaden offered a proposed jury instruction to define the term "reasonable doubt." The trial court denied the instruction. Our standard of review for jury instructions is as follows:
 The instructions are to be read together as a whole, with no one instruction to be read alone or taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case. However, the trial judge may also properly refuse the instructions if he finds them to incorrectly state the law or to repeat a theory fairly covered in another instruction or to be without proper foundation in the evidence of the case.
Howell v. State, 860 So.2d 704, 761 (¶ 203) (Miss. 2003). *Page 1074 
 ¶ 3. Vaden's proposed jury instruction was as follows:
 The Court instructs the jury that you are bound, in deliberating upon this case, to give the defendant the benefit of any reasonable doubt of the defendant's guilt that arises out of the evidence or want of evidence in this case. There is always a reasonable doubt of the defendant's guilt when the evidence simply makes it probable that the defendant is guilty. Mere probability of guilt will never warrant you to convict the defendant. It is only when, after examining the evidence on the whole, you are able to say on your oaths, beyond a reasonable doubt, that the defendant is guilty that the law will permit you to find him guilty. You might be able to say that you believe him to be guilty, and yet, if you are not able to say on your oaths, beyond a reasonable doubt, that he is guilty, it is your sworn duty to find the defendant "Not Guilty."
 ¶ 4. Vaden acknowledges that the law in Mississippi concerning reasonable doubt instructions is well-settled. Our supreme court has repeatedly stated that the term "reasonable doubt" defines itself and is not a proper jury instruction.Martin v. State, 854 So.2d 1004, 1009(¶ 12) (Miss. 2003); Chase v. State, 645 So.2d 829, 851
(Miss. 1994); Barnes v. State, 532 So.2d 1231, 1235
(Miss. 1988). Vaden would have us disregard this law and instead follow a majority of the states as well as the federal judiciary which allow a jury instruction to define reasonable doubt. Vaden cites to Judge Ishee's concurring opinion in Lett v.State, 902 So.2d 630 (Miss.Ct.App. 2005), to support his proposition. Judge Ishee, while recognizing current Mississippi law, questioned the wisdom of continuing such policy and urged the state to conform to the practice of a majority of the states as well as the federal judiciary. However, the law remains the same; thus, we cannot find that the trial court erred in denying this instruction.
 ¶ 5. In their entirety, the jury instructions adequately announce the law of the case. The trial court adequately instructed the jury about reasonable doubt in instruction S-24 by listing each of the elements of the offense and then stating: "If the state has failed to prove any of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty in Count 1." There was an identical instruction for the other two counts of fondling. The trial court also granted instruction D-6 which stated: "The Court instructs the jury that a reasonable doubt may arise from the whole of the evidence, the conflict of the evidence, the lack of evidence, or the insufficiency of the evidence; but however it arises, if it arises, it is your sworn duty to find the defendant `Not Guilty.'"
 ¶ 6. This issue is without merit.
 II. DID THE TRIAL COURT ERR IN ADMITTING EVIDENCE OF OTHER ALLEGED CRIMINAL ACTS THAT PREJUDICED VADEN'S RIGHT TO A FAIR TRIAL?
 ¶ 7. In his second issue on appeal, Vaden argues that the trial court erred in admitting evidence of other criminal acts between Vaden and the victims which occurred in another jurisdiction, specifically Clay County. Prior to trial Vaden filed a motion in limine to exclude this evidence stating that any testimony or evidence regarding acts in Clay County would be more prejudicial than probative. The trial court found the evidence to be more probative than prejudicial under Mississippi Rule of Evidence 403 and allowed the evidence to be admitted under Rule 404(b).
 ¶ 8. While evidence of the defendant's prior bad acts is generally inadmissible in a criminal trial, "evidence of other *Page 1075 
crimes, wrongs, or acts is . . . admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." M.R.E. 404(b). Evidence of prior bad acts between the defendant and the victim are admissible to show the defendant's "lustful, lascivious disposition" toward the victim. Crawford v.State, 754 So.2d 1211, 1220(¶ 23) (Miss. 2000). Furthermore, "the prior bad act sought to be admitted must have been committed upon the same victim that the defendant is currently on trial for having allegedly harmed." King v.State, 857 So.2d 702, 734 (¶ 123) (Miss. 2003); seeMitchell v. State, 539 So.2d 1366 (Miss. 1989). Vaden was indicted in Noxubee County on three counts of fondling, each count representing a different daughter. Upon investigation it was discovered that these acts began in Clay County when the girls were younger. Vaden was also indicted in Clay County on two counts of fondling, both counts representing one daughter. Although the family lived in Clay County, they owned a lake house in Noxubee County where all three daughters testified they were fondled at some point, two on more occasions than the other. We cannot find that the trial court was in error by allowing each victim to testify as to when and where they were fondled by their father.
 ¶ 9. Vaden also argues that he could not offer a limiting instruction because he did not get a clear ruling from the trial court. The trial court's ruling is clear that the prior acts of fondling were allowed into evidence to show plan and motive by Vaden. Furthermore, nowhere in the record does it show where Vaden requested a limiting instruction. See Brown v.State, 890 So.2d 901, 913(¶ 36) (Miss. 2004). We are not persuaded by this argument.
III. DO THE CUMULATIVE EFFECT OF THE ERRORS REQUIRE REVERSAL?
 ¶ 10. Finding Vaden's arguments to be without merit, we find no cumulative error that would necessitate a reversal. Therefore, we affirm.
 ¶ 11. THE JUDGMENT OF THE NOXUBEE COUNTY CIRCUIT COURTOF CONVICTION OF COUNT I FONDLING AND SENTENCE OF TEN YEARS,AND COUNT II FONDLING AND SENTENCE OF TEN YEARS TO RUNCONCURRENTLY TO THE SENTENCE IN COUNT I, BOTH IN THE CUSTODY OFTHE MISSISSIPPI DEPARTMENT OF CORRECTIONS, PAY A FINE OF $1000FOR EACH COUNT, AND UPON RELEASE ORDERED TO REGISTER AS SEXOFFENDER PURSUANT TO STATE STATUTE AND PLACED ON FIVE YEARS OFPOST RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEALARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 *Page 492