GRIFFIS, P.J., for the Court:
¶ 1. Alfonso Rivera-Guadiana appeals his conviction of sexual battery under Mississippi Code Annotated section 97-3-95 (Rev.2006). On appeal, he argues that: (1) the circuit court erred when it refused a jury instruction on reasonable doubt, and (2) the verdict is against the overwhelming weight of the evidence. We find no error and affirm.
FACTS
¶ 2. On February 10, 2009, Rivera-Gua-diana knocked on the back door of the Gulf Gardens Baptist Church’s “mission house” in Gulfport, Mississippi. The church operated an outreach program for the needy out of the house. Jane Doe,[1] the Director *1223 of Missions and the sole resident of the house, answered the door. Rivera-Guadi-ana asked Doe if she would give him a ride to Walmart so that, he could buy some groceries. She agreed. Rivera-Guadiana stored his bicycle inside the house for safekeeping.
¶ 3. Upon their return from Walmart, they re-entered the house. According to Doe, Rivera-Guadiana then locked the door behind them. He asked her for a kiss, which she refused. A struggle ensued. He pushed her against the refrigerator; then she pushed him against some nearby shelves. He then pushed her into an adjacent bedroom and threw her down on the bed. She fought him for a while. He then punched her in the face. She testified that, at that point, she simply gave up. According to Doe, Rivera-Guadi-ana then inserted his penis into her vagina without her consent and performed intercourse until he ejaculated.
¶ 4. According to Rivera-Guadiana, after they got back from Walmart, he went inside the house to retrieve his bicycle. He then asked her, “Can we be more than friends?” She responded that they could. They then shook hands and said, “Hello.” They hugged and kissed for a while. Then he asked, “Why don’t we just make love?” She said, “Okay.” She told him to wait in the kitchen while she cleaned up the bedroom. A few moments later she called to him to enter the bedroom. He found her on the bed with her pants down to her knees. According to Rivera-Guadiana, they then had consensual intercourse.
¶ 5. Later that same day, Doe reported the attack to the Gulfport Police Department. She did not report that it was a sexual assault at that time. Later that night, an officer called Doe and asked for more information. She then told the officer that she had been sexually assaulted.
¶ 6. Officer William Collins testified that he went to the mission house that night to investigate. He discovered Doe distraught and crying. Her face was puffy and red. A shelf in the kitchen was damaged. He took a photograph of her face, which was later admitted into evidence. It shows Doe with a puffy, red face. Doe described Rivera-Guadiana and his bicycle to Officer Collins. Officer Collins relayed that information over the radio. Later that night, another officer spotted the bicycle outside a nearby residence. Rivera-Guadiana was found asleep inside.
¶ 7. Rivera-Guadiana was convicted of sexual battery and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections.
ANALYSIS

1. Whether the circuit court erred when it denied Rivera-Guadiana’s proffered jury instruction on reasonable doubt.

¶ 8. Rivera-Guadiana argues that the circuit court erred when it refused to give jury instruction D-9. Rivera-Guadia-na claims that the circuit court gave jury instruction D-4, which addressed reasonable doubt, but the content of instruction D-9 was not covered in instruction D-4. The State argues that the circuit court adequately instructed the jury on reasonable doubt and that instruction D-9 was improper because it was an effort to define reasonable doubt.
¶ 9. In Agnew v. State, 783 So.2d 699, 702 (¶ 6) (Miss.2001), the Mississippi Supreme Court stated the standard of review for a challenge to jury instructions as follows:
Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case[;] however, this entitlement is *1224 limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.
¶ 10. Rivera-Guadiana offered jury instruction D-9. It reads:
The Court instructs the jury that a reasonable doubt may arise from the whole of the evidence, the conflict of the evidence, the lack of evidence, or the insufficiency of the evidence; but, however it arises, it is your sworn duty to find Alfonso Rivera-Guadiana “not guilty.”
The prosecutor objected on the grounds, stating: “[I]t’s an attempt to define the burden of proof. And I’d also state that it’s cumulative to D-4, as well as D-3, both previously given. And this would be the third instruction to define ‘reasonable doubt’ or I’m sorry to set forth the burden of proof.” Rivera-Guadiana’s counsel responded that it was an accurate statement of the law. The circuit court determined that it was “adequately covered in the Court’s instruction, as well as the previously given defense instruction”; therefore, the court refused instruction D-9.
¶ 11. If a criminal defendant proffers a jui*y instruction that correctly states the law, is not covered elsewhere in the instructions, and has any foundation in the evidence produced at trial, that instruction must given. Banyard v. State, 47 So.3d 676, 681 (¶¶ 12-13) (Miss.2010).
¶ 12. Here, the State argues that the burden of proof was covered in other jury instructions. Instruction S-l listed the elements of the crime of sexual battery and then stated:
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the defendant not guilty of Sexual Battery.
Instruction D-3 reads:
The Court instructs the jury for the defendant Alfonso Rivera-Guadiana that if they believe from the evidence that he is only probably guilty, they must find him not guilty.
Instruction D^4 provided, in part, that:
Where there is a controverted issue of facts and the testimony fails to show beyond all reasonable doubt that the State’s contention in regard to that issue of facts is true, then the presumption of law controls, and the court says to you specifically that you must find such issue in favor of Alfonso Rivera-Guadiana.
¶ 13. In Martin v. State, 854 So.2d 1004, 1009-10 (¶ 13) (Miss.2003), the supreme court held that the jury had been adequately instructed on reasonable doubt. There, one of the jury instructions listed the elements of the crime and then stated that, if the State had failed to prove one of those elements beyond a reasonable doubt, the jury would have to return a verdict of not guilty. Id. The supreme court held that that instruction alone sufficed to announce the law of the case with respect to the State’s burden of proof. Indeed, the phrase “reasonable doubt” defines itself. Id.
¶ 14. Rivera-Guadiana urges this Court to adopt Judge Ishee’s special concurring opinion in Lett v. State, 902 So.2d 630, 639-40 (¶¶ 30-36) (Miss.Ct.App.2005), wherein he encouraged the Mississippi Supreme Court to follow other states “to define reasonable doubt for our jurors.” In his opinion, he noted that current Mississippi law does not allow a jury instruction to define “reasonable doubt.” Id. at 639 (¶ 30). We must follow supreme court precedent; therefore, we cannot adopt Rivera-Guadiana’s proposed change in the law.
¶ 15. Read as a whole, we find that the jury instructions adequately covered the State’s burden of proof. Thus, the trial court adequately set forth the law govern *1225 ing the charges brought and did not err when it refused to give instruction D-9. See Vaden v. State, 965 So.2d 1072, 1074 (¶ 5) (Miss.Ct.App.2007). This issue is without merit.

2. Whether the verdict is against the overwhelming weight of the evidence.

¶ 16. Rivera-Guadiana next argues that the verdict is against the overwhelming weight of the evidence. When reviewing such a claim, this Court asks whether the verdict “is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005).
¶ 17. There was no dispute that Rivera-Guadiana and Doe had sexual intercourse. The only question was whether Doe consented. She claimed that she did not, and Rivera-Guadiana claimed that she did.
¶ 18. Sex crimes seldom have third-party witnesses. Thus, whether there was consent must be decided based on conflicting stories from the victim and the accused. This Court has held:
Our case law clearly holds that the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime.
Price v. State, 847 So.2d 290, 293 (¶ 12) (Miss.Ct.App.2003) (citing Crawford v. State, 754 So.2d 1211, 1222 (¶ 31) (Miss.2000) (overruled on other grounds)); see also McDonald v. State, 816 So.2d 1032, 1034 (¶ 7) (Miss.Ct.App.2002).
¶ 19. Here, Doe’s testimony was not discredited. Her testimony was corroborated by other evidence. Officer Collins testified that, when he arrived at the mission house, she was distraught and crying. Her face was puffy and red, which was consistent with her testimony that Rivera-Guadiana had hit her. A shelf in the kitchen was damaged, which was also consistent with her testimony that she had pushed Rivera-Guadiana into the shelf during their struggle.
¶ 20. It is the jury’s role to listen to the witnesses and determine their credibility. Price, 847 So.2d at 293 (¶ 12) (citing Hughes v. State, 724 So.2d 893, 896(¶ 18) (Miss.1998)). It is this Court’s role to reverse the jury’s verdict only if it is so contrary to the overwhelming weight of the evidence that, if affirmed, we would sanction an unconscionable injustice. Bush, 895 So.2d at 844 (¶ 18).
¶ 21. Here, we do not find the jury’s verdict is against the overwhelming weight of the evidence. Accordingly, this issue is without merit.
¶ 22. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.

. Because of the nature of the crime, we use a pseudonym for the victim’s name.