CARLTON, J„
CONCURRING IN' PART AND DISSENTING IN PART:
¶ 22.1 concur in part and dissent in part because I would affirm both of Stewart’s convictions and the judgment of the trial court. I concur with the majority in affirming Stewart’s conviction in Count'I of his indictment for the charge of sexual battery. I however dissent from the decision of the majority to reverse Stewart’s conviction for molestation of a child under the age of sixteen. See Miss. Code Ann. § 97-5-23 (Rev. 2014). The majority reverses and renders Stewart’s conviction in Count II of his indictment for molestation after finding insufficient evidence existed to support separate and distinct acts of molestation and sexual battery. The majority finds that Count II herein merged with Count I, and in so doing, the majority ignores the evidence in the record supporting Count II, This separate opinion addresses both the sufficiency of the .evidence supporting Count II, and the sufficiency of Count II of the indictment,
¶ 23. In his appellate brief, Stewart argues that no evidence exists to support a separate act of molestation, and he further asserts that Count II of his indictment, molestation,, should thex-efore merge with the sexual-battery charge in Count I. Like the majority, Stewart’s argument is misplaced-in that he fails to consider all of the evidence in the record submitted to the jury for consideration in determining ‘his guilt as to both counts. In this case, the standard of review that applies on appeal clearly requires that we review “a challenge to the sufficiency of the-evidence in the light most favorable to the State, giving the State the benefit of all favorable inferences reasonably drawn from the evidence.” Henley v. State, 136 So.3d 413, 415 *879 (¶ 8) (Miss. 2014). Our standard of review requires that we review all of the evidence in the record, not just some of it, in the light most favorable to the State. We must reverse and render “[i]f the facts and inferences so considered point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty[.]” Id, at 415-16. (¶ 8). Moreover, Stewart’s indictment placed him on sufficient notice of the charge of violating section 97-5-23 because it alleged that he “did handle, touch[,] or rub with his hands” M.L.’s body in violation of the statute and with requisite intent.[7]
¶ 24. The record reflects' that the jury was properly instructed on the applicable law as to the elements of the offenses charged in both Counts I and II. As stated, a review of all of the evidence in the record also reflects sufficient evidence to support Stewart’s convictions for both offenses charged, sexual battery and molestation. Regarding the evidence for the conviction for sexual battery, the testimony shows that M.L. was nine years old when these offenses occurred. M.L.’s testimony at trial reflects that Stewart penetrated M.L.’s vagina with his tongue. M.L. testified that she felt his tongue on and inside of her vagina, and she also testified that she felt Stewart’s tongue moving around.
¶ 25. The majority considers only a part of M.L.’s testimony.- However, M.L. also admitted on defense cross-examination that she told police that right before Stewart touched her vagina with his tongue, Stewart had also grabbed her arm and told her to get in the bed:
Q: Now, down here it says, Lieutenant Williams, asked you, “Okay. So when you went back in there, you sat on the floor and watched television. And then what happened?” And you say, “He grabbed me by the arm and told me to get in the bed,” right?
A: Yes.
Q: But before your' testimony was that you went into - the bedroom and watched TV; is that 'correct?
A: Yes.
The context of M.L.’s testimony at trial shows that she did not deny previously telling police officers that Stewart grabbed her' arm to put her in bed for sex, and her testimony further reflects M.L.’s affirmation that Stewart indeed grabbed her arm. The jury is permitted to draw any reasonable inferences from all the evidence presented in the case, Lambert v. State, 101 So.3d 1172, 1177 (¶ 17) (Miss. Ct. App. 2012). A review of the evidence in the record as a whole that was submitted for the jury’s consideration shows sufficient evidence of acts separate and distinct from the offense of sexual battery, wherein Stewart placed his tongue on and in M.L.’s Vagina.
‘¶ 26.'The majority’s claim that Stewart lacked sufficient’ notice of the offense charged in Count II is misplaced. “Our review of the legal sufficiency óf an indictment is 'an issue of law, and therefore is reviewed de novo.” Berry v. State, 996 So.2d 782, 785-86 (¶ 8) (Miss. 2008). The molestation charge in Count II of the indictment in this ease clearly provides that “for the purpose of gratifying his lust or indulging his depravéd, licentious sexual desires, [Stewart] did handle, touchl,] or *880 rub with his hands oí other parts of his body some member thereof of M.L., a child under sixteen (16) years of age, in violation of ... [Mississippi Code Annotated] section 97-5-23.” (Emphasis added). Contrary to the assertion of the majority, I submit that Stewart’s indictment tracked the language, including the elements, of section 97-5-23,[8] and also sufficiently placed him on notice that his action of grabbing M.L.’s arm to instruct her to get in the bed to have sex with him could indeed be used to support the charge of molestation.[9] Moreover, contrary to the assertion of the majority, in accordance with jurisprudence, the plain,language of the applicable statute, section 97-5-23, is violated by a touching of any part of the body of the victim when accomplished with the requisite lustful or licentious sexual intent.
¶ 27. The Mississippi Supreme Court has established that “[f]ondling involves and requires proof of offensive touching” and lustful or licentious sexual desire. Goodnite v. State, 799 So.2d 64, 68 (¶ 23) (Miss. 2001). Additionally, evidence of a “lustful, licentious sexual desire ... may -be inferred by a jury from behavior a witness describes.” McDonald v. State, 816 So.2d 1032, 1034 (¶ 8) (Miss. Ct. App. 2002). The instructions in this case informed the jury that Stewart was guilty of the charged molestation if the jury found from the evidence that the following elements occurred beyond a reasonable doubt: that Stewart was eighteen years old or older; that M.L. was less than sixteen years old; that Stewart unlawfully touched, handled, or rubbed M.L. with his hands or any part of his body; and that Stewart did so for the purpose of gratifying his lust, or for the purpose of indulging his depraved licentious sexual desires.
¶28. However, our standard of review requires a review of all of the evidence in the record “in the light most favorable to the verdict,” and the record contains additional evidence and inferences of acts, distinct from Stewart’s sexual battery of M.L.’s vagina with his tongue, showing Stewart violated section 97-5-23(1) by grabbing M.L.’s arm to put her into the bed for sex. See King v. State, 47 So.3d 658, 663 (¶ 11) (Miss. 2010); Nix v. State, 8 So.3d 141, 144 (¶ 15) (Miss. 2009). Hence, Stewart’s'conviction for molestation in this case is supported by evidence and related inferences of his unlawful touching or handling of the arm of M.L., a child under the age of sixteen years of age, to put her in bed for sex to satisfy his lustful intent and his depraved licentious sexual desires.

. See Warren v. State, 187 So.3d 616, 624-25 (¶¶ 17-19) (Miss. 2016) (The supreme court found that the appellant was not prejudiced by the State's failure to specify the controlled substance in the indictment, and the supreme court observed the mandatory discovery requirements of Uniform Rule of Circuit and County Court 9.04(A)); Price v. State, 898 So.2d 641, 654 (¶ 32) (Miss. 2005); Terry v. State, 26 So.3d 378, 381-82 (¶¶ 11, 17) (Miss. Ct. App. 2009).

. Section 97-5-23(1) provides, in pertinent part:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, or with any object, any child under the age of sixteen (16) years, with or without the child’s consent, ... shall be guilty of a felony.

. Stewart also received discovery in this'case that included M.L.’s prior statement to the police.