# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-WC-00401-COA

**BOBBIE YOUNG, ON BEHALF OF THE HEIRS OF DANIEL LEE TEWKSBURY, DECEASED**  APPELLANT

**v.**

**AIR MASTERS MECHANICAL INC. AND ASSOCIATED GENERAL CONTRACTORS OF MISSISSIPPI INC.**  APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 02/15/2018 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | JOHN HUNTER STEVENS |
| ATTORNEYS FOR APPELLEES: | ROGER C. RIDDICK |
| | CATHERINE BRYANT BELL |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND REMANDED - 04/16/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.    Daniel Tewksbury died on April 5, 2015, as a result of an accidental injury that arose within the course and scope of his employment for Air Masters Mechanical.  His ex-wife, Bobbie Young, filed a petition with the Workers' Compensation Commission on behalf of their two minor children, asking for $34,759 in unpaid child support that accrued prior to the children's adoption by Young's husband, Gerald Allen Young Jr.  After stipulating to the amount of unpaid child support, the parties submitted the case to an administrative judge (AJ) who found that the $34,759 lien for child support was valid and payable pursuant to

Mississippi Code Annotated section 71-3-129 (Rev. 2011). The Workers' Compensation Commission reversed the AJ's order, finding that the minor children were ineligible for benefits because they were not dependents of Tewksbury under Mississippi Code Annotated section 71-3-25 (Rev. 2011).

¶2.     Upon review, we find that the Commission misapprehended the controlling legal principles; we therefore reverse and remand to the Commission for the reasons discussed below.

## BACKGROUND

¶3.     Tewksbury and Young were divorced in Jackson County, Mississippi on May 1, 2006. At the time of their divorce, Tewksbury was ordered to pay $105 per week in child support for their two minor children, Lane and Emma. Tewksbury made some periodic payments of child support over the course of two years, but stopped making payments in 2008.

¶4.     Young subsequently married Gerald Allen Young Jr., and they filed a petition in the Pearl River County Chancery Court seeking the adoption of Lane and Emma. On August 13, 2013, the chancery court entered an adoption decree, whereby Gerald adopted Lane and Emma and the children's surnames were changed to "Young." Tewksbury terminated his parental rights on August 1, 2013, as part of the adoption. At that point in time, Tewksbury owed $34,759 in child support.

¶5.     Following Tewksbury's death in April 2015, Young filed a petition with the Mississippi Workers' Compensation Commission on behalf of Lane and Emma, asking for the $34,759 in outstanding child support. By agreement of the parties, the case was

2

submitted for a hearing before an AJ in September 2017. At the hearing, the parties stipulated that Tewksbury owed $34,759 in child support and that termination of his parental rights did not extinguish or reduce the amount owed.

¶6. The AJ held that by statute, the $34,759 child support lien filed with the Commission was valid and payable provided the notice provisions of section 71-3-129 had been met. On February 15, 2018, the full Commission reversed the AJ's findings, finding instead that due to their adoption, Lane and Emma were no longer Tewksbury's dependents and were therefore ineligible for any death benefits. Young timely appealed.

## STANDARD OF REVIEW

¶7. This appeal from the Mississippi Workers' Compensation Commission concerns an issue of law—not of fact; therefore, the standard of review is de novo. *Forrest Gen. Hosp. v. Humphrey*, 136 So. 3d 468, 471 (¶14) (Miss. Ct. App. 2014). We will find reversal warranted if the Commission misapprehended the controlling legal principles. *Id.*

## DISCUSSION

¶8. The AJ properly determined that the $34,759 lien for child support was valid pursuant to section 71-3-129. This section provides, in relevant part:

> (1) The Mississippi Department of Human Services, Division of Child Support Enforcement (the department) or the obligee may cause a lien for unpaid and delinquent child or spousal support to be placed upon any workers' compensation benefits payable to an obligor delinquent in child support . . . .
>
> (2) The lien shall be effective upon notice being filed with the Executive Director of the Mississippi Workers' Compensation Commission. The notice shall contain the name and address of the delinquent obligor, the Social Security number of the obligor, if known, the name of the obligee, and the amount of delinquent child or spousal support.

3

(3) Any person(s), firm(s), corporation(s), including an insurance carrier, making any payment of workers' compensation benefits to such obligor or to his attorney(s), heir(s) or legal representative(s), after receipt of such notice, if support has been assigned to the department pursuant to Section 43-19-31, Mississippi Code of 1972, shall be liable to the obligee. In such event, the lien may be enforced by the department against any person(s), firm(s), corporation(s) making the workers' compensation benefit payment.

Under section 71-3-129, a lien for unpaid and delinquent child support is enforceable against the employer and insurance carrier making the benefit payments once the Commission is properly notified.[1] And it "shall attach to all workers' compensation benefits which are thereafter payable." Miss. Code Ann. § 71-3-129(4) (Rev. 2011).

¶9. The dissent notes that "the lien only applies to benefits 'payable to an obligor'—i.e., payable to an employee who is delinquent in his child support payments." The dissent then asserts that "the lien cannot apply to death benefits because death benefits are *not* payable to the (now deceased) employee." However, subsection 9 of the statute provides:

> For purposes of this section, the term *"benefits" means any compensation payable under this chapter* (including amounts payable by the commission pursuant to an agreement under any federal law providing for compensation, assistance or allowances with respect to injury or death).

Miss. Code Ann. § 71-3-129(9) (Rev. 2011) (emphasis added). And section 71-3-3 defines "compensation" as "the money allowance payable to an injured worker *or his dependents* as provided in this chapter, and includes funeral benefits provided therein." Miss. Code Ann. § 71-3-3 (Rev. 2011) (emphasis added).

---

[1] We note that Young provided the Commission with proper notice under section 71-3-129. Young furnished the Commission's Executive Director with a copy of Tewksbury's death certificate, which contained his name and address. She also mailed the Executive Director a sworn affidavit stating that Tewksbury owed her $34,759 in delinquent child support. Further, Young's sworn affidavit verified her name and address.

4

¶10.    Mississippi Code Annotated section 71-3-25 provides that if an injury causes death, certain benefits are payable to the decedent's surviving dependent children. Further, section 71-3-25(g) states:

> All questions of dependency shall be determined as of the time of the injury. A surviving spouse, child or children shall be presumed to be wholly dependent. All other dependents shall be considered on the basis of total or partial dependence as the facts may warrant.

Miss. Code Ann. § 71-3-25(g) (Supp. 2018). The Commission found that Lane and Emma ceased being Tewksbury's dependents on the day of their adoption, and that under the Workmen's Compensation Act, there were no death benefits owed to them. In support of its decision, the Commission cited *W.R. Fairchild Const. Co. v. Owens*, 224 So. 2d 571, 575 (Miss. 1969). In *Fairchild*, the Mississippi Supreme Court held that a child given up for adoption was not entitled to workers' compensation death benefits when her natural father was killed on the job. The court found that the natural father's obligation to support his biological daughter had been terminated under our adoption statute, section 93-17-13, and therefore the daughter was no longer presumed to be a dependent of her natural father for purposes of the workers' compensation statute. *Id.* at 575. However, *Fairchild* did not involve a valid lien for child support that accrued *prior* to the adoption. Fairchild dealt with dependency of the child at the time of death. It did not deal with the assertion of a valid child support lien on benefits payable after death.

¶11.    We agree with Young that the Commission is without authority to discharge a lien for delinquent child support filed pursuant to section 71-3-129. The Mississippi Supreme Court has "consistently held that child support payments vest in the child as they accrue." *Tanner*

*v. Rowland*, 598 So. 2d 783, 786 (Miss. 1992). "Once they have become vested, just as they cannot be contracted away by the parents, they cannot be modified or forgiven by the courts." *Id.* As each payment becomes due, it "becomes 'a judgment' against the supporting parent." *Id.* (quoting *Brand v. Brand*, 482 So. 2d 236, 236-37 (Miss. 1986)). In this case, the minor children's adoption does not impact Young's ability to execute on her lien under section 71-3-129.

¶12. We hold that Young's lien is valid under our workers' compensation statutes. We remand for the Commission to determine whether a valid child support lien is a benefit payable under the death benefits statute.

¶13. **REVERSED AND REMANDED.**

**WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. J. WILSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., CARLTON, P.J., AND C. WILSON, J.**

**J. WILSON, P.J., DISSENTING:**

¶14. Our Supreme Court has held that an employee's natural child is no longer a dependent of the employee entitled to receive death benefits under the Workers' Compensation Act once the employee's parental rights have been terminated and the child has been adopted. *W. R. Fairchild Constr. Co. v. Owens*, 224 So. 2d 571, 575 (Miss. 1969); *see* Miss. Code Ann. § 71-3-25 (Supp. 2018). "[T]his Court does not have the authority to overrule or ignore [S]upreme [C]ourt precedent." *Cahn v. Copac Inc.*, 198 So. 3d 347, 358 (¶35) (Miss. Ct. App. 2015). Rather, "[w]e must follow [S]upreme [C]ourt precedent." *Rivera-Guadiana v.*

*State*, 71 So. 3d 1221, 1224 (¶14) (Miss. Ct. App. 2011).[2]

¶15. The majority opinion seems to indicate that it is not overruling *Fairchild* but only enforcing a statutory lien against workers' compensation benefits. However, with all respect, the majority has misapprehended the operation of both the statutory lien and the death benefits statute.[3]

¶16. The lien statute provides that an "obligee" to whom child support is payable "may cause a lien for unpaid and delinquent child . . . support to be placed upon any workers' compensation benefits *payable to an obligor*." Miss. Code Ann. § 71-3-29(1) (Rev. 2012) (emphasis added). Thus, the lien only applies to benefits "payable to an obligor"—i.e., payable to an employee who is delinquent in his child support payments. Therefore, the lien cannot apply to death benefits because death benefits are *not* payable to the (deceased) employee. Death benefits are not part of the deceased employee's estate. *See Dependents of Nosser v. Natchez Jitney Jungle Inc.*, 511 So. 2d 141, 143 (Miss. 1987). Rather, death benefits are payable *directly* to specified persons, such as a surviving spouse and children and

---

[2] The Legislature has reenacted or amended the death benefits statute repeatedly since *Fairchild* was decided, which presumably means that the Supreme Court would continue to apply its prior interpretation of the statute even if it now considered that interpretation "incorrect." *Caves v. Yarbrough*, 991 So. 2d 142, 153-54 (¶43) (Miss. 2008) ("[T]he incorrect interpretation becomes a correct interpretation because of the Legislature's tacit adopt of the prior interpretation into the amended or reenacted statute."). In any event, whether to overrule Supreme Court precedent clearly is an issue for the Supreme Court, not this Court.

[3] We review the Commission's interpretation of the relevant statutes de novo and without deference to the Commission. *Miss. Manufacturers Ass'n Workers' Comp. Grp. v. Miss. Workers' Comp. Grp. Self-Insurer Guar. Ass'n*, No. 2015-WC-01695-COA, 2019 WL 350411, at *5 (¶24) (Miss. Ct. App. Jan. 29, 2019) (citing *King v. Miss. Military Dep't*, 245 So. 3d 404, 407-08 (¶¶8-12) (Miss. 2018)).

other "dependents." Miss. Code Ann. § 71-3-25. The lien statute does not authorize a lien on death benefits payable directly to the deceased employee's statutory dependents.

¶17. Under the death benefits statute, a surviving spouse is entitled to an immediate lump sum of $1,000, and additional benefits are paid to a surviving spouse, children, and/or other "dependents" based on the deceased employee's average weekly wage. *Id.* However, as noted above, the Supreme Court has specifically held that, for purposes of this statute, a child is not a dependent of his or her natural father when, as in the present case, the parent-child relationship has been legally terminated. *Fairchild*, 224 So. 2d at 575. And when, as in this case, the deceased employee leaves behind no statutory dependents, no death benefits other than funeral expenses are payable. *See* Miss. Code Ann. § 71-3-25; *Dependents of Nosser*, 511 So. 2d at 143; *Miss. Food & Fuel Workers' Comp. Tr. v. Tackett*, 778 So. 2d 136, 141 (¶17) (Miss. Ct. App. 2000).

¶18. Thus, not only does the statutory lien not apply to death benefits, but there quite simply are no benefits—nothing—for the statutory lien to attach to in this case. Again, without any statutory dependents, no statutory death benefits are payable. To put the point slightly differently, the statutory lien does not create benefits. It is only a lien on benefits that are otherwise payable. If there are no benefits to be paid, then the statutory lien is no help to the lienor. If the majority disagrees, then the majority should at least help the Commission out by answering this question: What does the lien attach to in this case?[4]

---

[4] The majority's interpretation of the lien statute will also create serious problems in cases in which there are statutory dependents and death benefits payable to them. Again, death benefits are paid directly to statutory dependents in amounts set by the statute and are primarily payable on an ongoing, weekly basis. *See* Miss. Code Ann. § 71-3-25. The basic

¶19. The majority ultimately "hold[s] that Young's lien is valid under our workers' compensation statutes." *Ante* at ¶12. But that is not a basis for reversal because the Commission never questioned the validity of Young's lien. Rather, the Commission held that "no death benefits [are] owed by the Employer/Carrier which would be subject to [Young's] child support lien."[5] The majority also states that it is "remand[ing] for the Commission to determine whether a valid child support lien is a benefit payable under the death benefits statute." *Ante* at ¶12. However, as just stated, the Commission has *already* decided that issue, holding that "no death benefits [are] owed . . . which would be subject to the lien." The Commission's decision is either right or wrong. Obviously, I believe that the Commission got it right. If the majority thinks that the Commission erred, then the majority should say so. Either way, we should not be sending the case back with a mandate to the Commission to re-decide a pure issue of law that it has already decided once.

¶20. In summary, the statutory lien does not apply to death benefits, and without any statutory dependents, there are no death benefits to put a lien on anyway. I respectfully dissent.

**BARNES, C.J., CARLTON, P.J., AND C. WILSON, J., JOIN THIS OPINION.**

---

purpose of the statute is to provide continuing support for the people who previously looked to the deceased employee for support. *See Dependents of Nosser*, 511 So. 2d at 143. It is unclear how a statutory lien for a lump-sum amount (here, $34,759) would be enforced against such dependents. Will the deceased employee's dependents be deprived of *all* support until the lien is satisfied? The majority opinion does not say.

[5] The Commission's opinion is available at *Tewksbury v. Air Masters Mechanical Inc.*, No. 1503123-P-2345, 2018 WL 1127757 (Miss. Workers' Comp. Comm'n Feb. 15, 2018).